By LIPSCOMB, C. J.
The witness was offered to prove that he had, at the request of the defendant, arrested .and held the plaintiff in custody: the Judge of the County Court would not permit this evidence to go to the jury, on the ground, as he states, that it would not prove that the defendant was a trespasser. This is, as we conceive, the only point presented by the bill of Exceptions. It is true that it contains a great deal more, which seems to be only a conversation for the gratification of the Judge’s curiosity, without being permitted by him to go to thejury. If the Judge intended by the reason given for rejecting the testimony offered, to be understood as ruling, that a person who procures the illegal arrest of another, is not a trespasser, we are very clear, that he erred. ' If he only intended that it was not sufficient to prove the fact of the trespass, then he was trespassing on theprivilege of thejury in arresting the evidence from them. It is the province of the Judge to determine on the admissibility of testimony, and for the jury to say, whether it proves the facts charged or not. We can discover no objection to the testimony rejected by the County Court, on the ground of its admissibility, and it should have gone to the jury.
Judgment reversed, and cause remanded.