## WILLIAM ADAMS *vs.* NEWFANE.

WINDHAM,
*February*,
1836.

The proceedings in the county court in relation to laying out highways and appraising the damages thereby occasioned, can be revised in the supreme court only by *certiorari*.

Adams, through whose land a highway had been laid by the selectmen of Newfane, applied to a justice of the peace, according to the statute, to appoint men to appraise the damages occasioned him. The appraisal was made, and it exceeding forty dollars, the proceedings were returned to the county court, where objections were made and heard on behalf of the town. The county court overruled the objections and established the return, and made order for the payment of the money. To which proceedings of the county court the town filed exceptions, and the cause, on motion, passed to the supreme court.

After argument,

The opinion of the court was delivered by

COLLAMER, J.—The statute provides the course to be pursued by any one aggrieved by the laying a highway upon his land, without allowing him sufficient therefor. He is to apply by petition to a justice of the peace who is to notify the selectmen, and proceed in a certain way to appoint a committee, who are, on oath, after notice, to make an appraisal of the damages, and make return of the same to the justice, who, if the sum does not exceed forty dollars, and if sufficient cause is not shown to the contrary, is to establish the proceedings, and make order for the payment of the money : and if the sum exceeds forty dollars, he is to certify the proceedings to the county court, who are directed, if sufficient cause is not shown to the contrary, to "*establish the return*, and make order for the payment of the money." These proceedings are not by the course of common law : they are entirely in the nature of proceedings of a court of sessions. There are no pleadings, issue, evidence or trial by jury or *judgment*. It is the same as the appointment of committees by the county court to lay out roads, and the accepting their reports, which proceedings are not subject to revision but upon *certiorari*.

By the statute of 1824, issues of law, demurrers, in the county court might be *appealed* to the supreme court, and questions arising on *jury trials* only were to be subject to exceptions and removal to the supreme court. This left questions arising issues of fact tried *by the court*, by consent of parties, unprovided for except by writ of error. By the statute of 1828, all questions of law de-

WINDHAM,
February,
1836.
Adams
vs.
Newfane.

cided *on the trial and hearing of any cause*, were permitted to be carried up on exception. This was to remedy the former defect, and now includes demurrers and exception on issues to the court; making this course co-extensive with writ of error in civil causes. But it covers no more than a writ of error, and is in terms confined to the trial of causes. In this case it was not the trial of a cause, any more than the acceptance of any report of committee is so.

The proceeding, in this court, dismissed.

*J. Roberts* for *Adams.*

*R. M. Field* for *Newfane.*