## EX PARTE, TARLTON.

1. The Supreme Court cannot issue a *remedial or original writ*, to a court of revenue and roads; unless, perhaps, where the Circuit Court of the county, has upon a formal application, refused its interference. *Semble*—it will be sufficiently early to resort to the Supreme Court, after the Circuit Court declines acting, or, having acted, mistakes the law.

2. A writ of error is not the proper mode for the removal of a cause from a court of revenue and roads, to a superior tribunal. Where a new jurisdiction is created by statute, and the court exercising it, proceeds in a summary method, or in a course different from the common law, a *certiorari* is the appropriate remedy.

TARLTON, by his counsel, presented to this Court the transcript of a record of the Court of Revenue and Roads of Montgomery county. From this transcript it appears that there was a controversy in that court, between Tarlton and William S. Hadnot, in respect to the establishment of a ferry across the Alabama river. The court granted a license to Hadnot to keep the ferry; and Tarlton, considering himself aggrieved, and being desirous of having the proceedings revised, moved this court for a writ of error, or other appropriate writ, by which that object may be effected.

GOLDTHWAITE, for the motion.

COLLIER, C. J.—There is no statute which provides for the revision, by this court, of a case such as that shewn by the record before us; and it is not necessary that we should take jurisdiction of it, in order to give to us "a general superintendence and control of inferior jurisdictions." The revisory authority of the Circuit Court of Montgomery, is adequate to a re-examination of the case, and to afford relief as ample as the law can grant. This being assumed, it is clear that this court is impliedly inhibited from issuing a "remedial or original" writ to a Court of Revenue and Roads, unless, perhaps, where the Circuit Court of the county has, upon a formal application, refused its interference. [2 Sec. 5 Art. of the Con.] If the Circuit Court declines acting, or having taken jurisdiction of the case, mistakes the law, it will then be sufficiently early for a resort to this court.

We think a writ of error is not the proper mode for the removal of the case into the Circuit Court. In England, to which, in the absence of legislation, we look for rules to guide our practice and decisions, it is said to be well settled, that error does not lie, when the court whose judgment is complained of, acts in a summary manner, or in a new course different from the common law. [In the matter of Negus, 10 Wend. Rep. 38.] But in such a case the writ of *certiorari* is the appropriate remedy. In Ruhlan v. The Commonwealth, [5 Binn. Rep 26. 7.] it was held to be a general rule of law, that where a new jurisdiction is created by statute, and the court exerci-

sing it, proceeds in a summary method, or in a course differ-rent from the common law, a *certiorari* is the only proper rem-edy.  To the same effect, see Savage v. Gulliver, 4 Mass. Rep. 178.   Commomwealth v. Ellis, 11 ibid 465.   Edgar v. Dodge, ibid 670.   Ball v. Brigham, 5 Mass. Rep. 406.   Bob (a slave) v. The State 2. Yerger's Rep. 173.   Lawson v. Scott, 1 Yerger's Rep. 92.   Wildy v. Washburn, 16, Johns Rep. 49. Sheet v. Francis, 3 Ohio Rep. 277.   It lies to remove a proceeding for the recovery of a fine for neglect of military duty ; or to remove proceedings, laying out a highway. [Commonwealth v. Coombs, 2 Mass. Rep. 489.   Pratt v. Hall, 4 Mass. Rep. 239.

Though the party who has submitted the motion to this court, has a clear remedy if he has been aggrieved, yet for the reasons stated, we must deny him the aid of this court in the situation in which he presents his case.