WATKINS v. BASSETT AND WIFE.

SAME v. MANNING AND WIFE.

SAME v. SAME.

1. When a judgment is improperly rendered against an administrator, the statute judgment consequent on a return of an execution not satisfied, is void also.

2. No execution can issue against the sureties of an executor or administrator, until the return of an execution unsatisfied, against the principal in the administration bond.

3. If such execution issues improperly, it may be quashed, but no writ of error can be prosecuted to reverse it.

Error to the County Court of Madison.

ORMOND, J.—These cases are, in all respects, like the preceding cases of Taliaferro v. Bassett and wife and others, ex-

cept that those are prosecuted by the surviving surety to the administration bond of Polly Thompson, executrix of Asa Thompson.

Upon the return of the execution which issued on the judgments v. Taliaferro as the administrator, *de bonis non* of Polly Thompson, of no property found of Polly Thompson in the hands of the administrator, an execution issued against the plaintiff in error, and another (since dead) as the sureties of Polly Thompson to the bond executed by her as executrix of Asa Thompson deceased.

This is supposed to be authorised by the statute: (Aik. Dig. 253, § 40.) "Whenever any execution shall have issued on any decree made by the Orphans' Court, and final settlement of the accounts of executors, administrators and guardians, and is returned by the sheriff, 'no property found,' generally, or as to a part thereof, execution may and shall, forthwith, issue against the sureties of such executors, administrators or guardians."

It has been shown by the examination of the preceding cases before referred to, that there was no power in the Court to render judgment against Taliaferro, the administrator, *de bonis non* of Polly Thompson, not only because the County Court of Madison had no jurisdiction, but also because there was no authority to proceed against him at law for the *devastavit* of Polly Thompson: As, therefore, the judgment was unauthorised, the statutory judgment consequent on a return of the execution unsatisfied, is void also.

But independent of this, it is quite clear, that the execution, to have the effect ascribed to it by the statute, must issue against the person who, as principal, executed the bond; any other construction would make the statute productive of the greatest injustice, as it is only on failure of effects of the principal that the surety is liable to an execution.

But although the execution is utterly void, the writs of error must be dismissed, which has issued in these cases. A writ of error will not lie on these statute judgments. If in such a case an execution improperly issues, it may be superseded and quashed; or if the bond upon which the statute judgment is founded is a forgery, relief may be had in Chancery. *Exparte* Tarlton, 2 Ala. Rep. 35. and Taylor v. Powers, *ante*, 285.

Let the writs of error which issued in these cases, be dismissed.