## BLANN, GUARDIAN, v. GRANT, ADM'R.

1. The county court has not jurisdiction to order a sale of lands, for the purpose of more equal distribution, unless the petition of the executor or administrator sets forth and particularly describes the heirs of the deceased.

ERROR to the Orphan's Court of Dallas.

Petition by the defendant in error, to sell lands.

The petitioner alleges, that he is the administrator of one David McCord, dec'd; that the deceased died seized of certain

lands, which are described in the petition by their designation at the land office. The petition proceeds to describe the heirs of the deceased, setting forth which are minors and *femes covert*— "that said tracts of land cannot be equally, fairly and beneficially divided among said heirs," and therefore, prays a sale of the same.

The court appointed the plaintiff in error, guardian *ad litem* to the minor heirs, and directed advertisement to be made in the Selma Free Press, requiring the defendants to appear on the 2d Monday in October after, and defend against the petition.

A citation issued to the *guardian ad litem*, who appeared and answered, denying the allegation of the petition.

The depositions of two persons were taken, by which it was proved that the lands could not be equally, fairly and beneficially divided among the heirs, without a sale thereof.

The court made an order, decreeing that the land be sold.

From that decree, this writ is prosecuted by the minor heirs, by Sanford Blann, their guardian, who now assign for error,

1. The court erred in entertaining jurisdiction.

2. In decreeing a sale.

EDWARDS, for plaintiff in error.

G. W. GAYLE, *contra*, cited Clay's Dig. 224, § 16, 17, to show that the court had jurisdiction. He insisted that the writ was improperly sued out, and that the decree was not final.

ORMOND, J.—The statute under which this proceeding was had, authorises an executor, who has not power by the will to sell real estate, or an administrator, when "the real estate of such testator or intestate cannot be equally, fairly and beneficially divided among the heirs or devisees," to petition the orphans' court for a sale of the real estate, "setting out and particularly describing in such petition, the lands proposed to be sold, and the names of the heirs or devisees of such intestate or testator, and particularly stating which are of age, and which are infants or *femes covert*." [Clay's Dig, 224, § 16.]

The petition in describing a portion of the heirs, recites, that one of the intestate's daughters, Eliza, married one James B. Pond, and died, leaving an infant child. That both father and child afterwards died, but whether the child survived or died previous to its father, the petitioner does not know. That the fa-

ther has no heirs living within the knowledge of the petitioner.

This proceeding being founded on the statute, the county court cannot obtain jurisdiction so as to order a sale of the lands, unless its provisions are strictly complied with. One of its most vital and important requisitions is, that all the heirs shall be parties to the proceeding, for the plain reason, that otherwise, their right would not be barred by the decree of the county court

Now, in this petition, the facts are not set forth by which to ascertain who a portion of the heirs are. It is left in doubt whether the infant child of Mrs. Pond died before or after its father, and yet this fact must be known before it can be ascertained, who the heirs are. If the father survived his child, he became its heir, and upon his death, the descent was cast upon his heirs at law. If the child survived him, then, as it had neither father or mother, brother or sister, its interest in the estate would descend in equal parts, to its next of kin, in equal degree, both on the father and mother's side. Now, here not only are the names of the heirs not set forth and particularly described as the statute requires, but the facts are omitted to be stated, from which it could be known who are interested in the inheritance. This most material requisition of the statute to give the court jurisdiction being wanting, it had no power to order a sale of the land, and its decree directing a sale to be made must be reversed.

The objection of the defendant in error, that this was not such a final decree as a writ of error could be prosecuted from, cannot prevail. It cannot be distinguished from a decree ordering a sale of land upon the foreclosure of a mortgage which, has always been held sufficient to sustain a writ of error. As to the parties in whose names the writ is prosecuted, if defective, as supposed, it would be amended, under the statute authorising amendments of writs of error.

Let the decree of the court below be reversed, and the cause remanded, that the petitioner may, if he thinks proper, amend his petition.