## HILL v. SLAUGHTER.

1. A *fieri facias* operates a lien upon the goods and chattels of the defendant, that are within the county to which it issues, and the lien will not be lost by their removal to a different county, if another *fieri facias* is regularly issued as provided by the act of 1828.
2. Where the lien of a *fieri facias* is suspended, by the removal of property from the county to which it issues to another; in order to revive it, the plaintiff should cause a *fieri facias* to be issued to the latter county; the transfer of the execution from the sheriff of the former to the sheriff of the latter, with a notice of the lien, cannot have the effect to continue or revive it. ·

Writ of error to the Circuit Court of Macon.

This was a motion against the sheriff of Tallapoosa, for the failure to pay over money collected on a *fieri facias*. The following facts were agreed, viz: The execution in favor of the plaintiff was issued from the Circuit Court of Macon, in December, 1842, upon a judgment recovered against Fitzpatrick and Mims, for the sum of $2,062 77, and costs. An execution was sued out soon after the rendition of the judgment, but the lapse of a term intervened, after its return, before the *fi. fa.* in question issued. This latter execution was placed in the

defendant's hands as the sheriff of Tallapoosa, on the 20th December, 1842, and was levied on the same day upon a negro man, as the property of Fitzpatrick, who was afterwards sold by the sheriff, for the sum of four hundred dollars; which sum is now in the defendant's hands. Samuel A. Bailey claimed the money for which the slave sold, under an execution issued from the Court of Chancery, at Tuskegee, on the 18th July, 1842, returnable in May, 1843, founded upon a decree rendered in 1842, and delivered to the sheriff of Macon, on the day of its date. At the time this latter execution was received by the sheriff, the slave that was sold in Tallapoosa, was in Macon, but he was not levied on. Bailey's execution was against the goods, &c. of Mims, Fitzpatrick and others, and after the plaintiff's execution was levied, was transferred to the hands of the defendant, on the 2d January, 1843, and notice given him before the sale of the slave, that the money for which he might sell, would be claimed thereon. Several other parties had *fi. fas.* in the same predicament, in all respects, as Bailey's, for an aggregate amount greater than the money in the defendant's hands. The Circuit Court determined that the executions in favor of Bailey and others similarly situated, were entitled to priority, and rendered judgment against Hill for costs.

G. W. GUNN, with whom were PECK & L. CLARK, for the plaintiff in error, made the following points:

1. Conceding that a lien upon the slave attached in favor of Bailey and others, yet his removal to Tallapoosa before a levy, authorized the sheriff of the latter county to seize and sell him to satisfy the plaintiff's *fi. fa.*

2. A *fi. fa.* only binds the goods, &c. within the county to which it issues; and being received by the sheriff of one county, it cannot be withdrawn from him, and sent to another county to be executed. [Clay's Dig. 336, § 132; Brown & Milton v. Baker, Sprouls & Co. 9 Porter's Rep. 503; Pond v. Griffin, 1 Ala. Rep. 678; Claggett v. Foree, 1 Dana's Rep. 428.]

No counsel appeared for the defendant.

COLLIER, C. J.—In Brown & Milton v. Baker, Sprouls & Co. 9 Porter's Rep. 503, we held that it was not permissible for the sheriff of one county to transfer to the sheriff of another

a writ of *fieri facias* which he had received and acted on. The statute making it the duty of a sheriff, in whose hands either mesne or final process is placed for service, to execute and return the same, or to return it if it cannot be executed, he cannot excuse a compliance with this requirement, by placing a *fieri facias* with which he was charged, in the hands of the sheriff of some other county. If the plaintiff desires an execution to be issued elsewhere, he should cause that already out to be returned *no property found,* or procure another at his own expense.

In Pond v. Griffin, 1 Ala. Rep. N. S. 678, we determined that a *fieri facias* only binds the goods and chattels of the defendant in the particular county to which it issues. The Court of Appeals of Kentucky, upon a statute similar to ours, made the same decision, adding, that when the lien once attached, it was not lost by the temporary removal of the property. [Claggett v. Foree, 1 Dana's Rep. 428.]

The second section of the act of 1828, (Clay's Dig. 209, § 43,) after adjusting the liens between contending executions, proceeds thus, " but if a term shall not have elapsed, and the *alias* shall be delivered to the sheriff before the sale of property, under a junior execution in favor of another creditor, the lien shall continue, notwithstanding the *alias* may not have been delivered until after such junior execution; but if such *alias* shall not be delivered until after the sale under such junior execution, the lien of the latter shall prevail."

That the delivery of the executions in favor of Bailey and others, to the sheriff of Macon, created a lien upon the slave, because he was within the county, has not been controverted. This lien however, became inoperative, though not lost, by the removal of the slave to Tallapoosa, and it would have been competent for the plaintiffs in these executions to have reasserted their liens in that county. This they attempted to do by the transfer of their executions, with notices to the sheriff, that they claimed the proceeds of the sale. That this was an irregular course of procedure, and could not create or revive a lien, the vitality of which was suspended, we think is directly shown by the case cited from 9th Porter. The spirit of the statute referred to, shows the intention of the legislature to give to a junior execution, the priority, where the plain-

tiff having the older one has not asserted a lien, until a sale has been made of property levied on, under the authority of the former.

If Bailey and others, having the elder *fi. fas.* would have prevented the plaintiffs from appropriating the money to his execution, they should have caused executions to be issued and placed in the hands of the defendant, before a sale of the slave took place. This not being done, their suspended liens were never made operative again; consequently the plaintiff is entitled to the money in the sheriff's hands. The judgment is therefore reversed and the cause remanded.