| 11 | 245 |
|---|---|
| 137 | 164 |

## MOORE v. HANCOCK.

1. *Quere?* Whether any individual can make himself a party against those asking the action of the commissioners of roads and revenue, in the matter of a pulic road. Also—whether even a *certiorari* can be sued out to set aside, or quash an order of this public nature, except in the name of the State *ex relatione.*
2. No individual has the right to intervene in the court of commissioners of roads and revenue, and put questions on the record by bills of exception, in the matter of a public road.
3. An order to change a public road is regular, if the order shows what change is directed to be made—if a jury consisting of the proper number of persons is appointed to view the proposed change, and their return conforms to the statute—and after this a second jury is appointed to lay off and mark the proposed alteration.

Writ of Error to the Circuit Court of Madison.

These proceedings originated in the court of the commissioners of roads and revenue for Madison county, in which Hancock petitioned to change the road known as Wade and Powell's. The court acted on the petition, and made an order to change the road. Afterwards, Moore prayed a *certiorari* from the circuit court to remove this order to that court, and quash the same; alledging an interest in the matter determined, and asserting that the notice prescribed by law was not proved, unless the testimony of Hancock, the only petitioner, was sufficient for that purpose; and that one Willburn, sworn as one of the jury, to lay off the road, &c. was not a householder. The petition for *certiorari* also asserts, that an overseer of the road has made no report accepting the road as changed, and that the court of commissioners of roads and revenue refused to allow the contesting party to appeal from the order.

A *fiat* was awarded by the circuit judge, and a transcript of the proceedings of the court of commissioners of roads and revenue, certified to the circuit court.

From this it appears, that at the term of that court held in July, 1844, the petition of Hancock was presented, asking a change in the road named, in a manner therein described, "and it appearing to the satisfaction of the court that legal notice had been given," it was ordered that certain persons then named should be a jury to examine into the propriety of changing the road as asked by the petition, and that these persons should make report thereof to the next term of the court.

At the October term of the court, an order was made in these terms : " The jury heretofore appointed on the petition of R. Hancock, for a change of Wade and Powell's road, from, &c. having made a favorable report thereon, it is ordered, that certain persons who are therein named, householders of the said county, be appointed a jury to mark out the road accordingly, and that they make report thereof to the next term of the court.

At the January term, 1845, an order was made, which recites that a majority of the jury formerly appointed, having made a favorable report of the change of the road, and directs that the road be changed in a manner then stated, and which is the same prayed for.

It further appears, from a bill of exceptions allowed at the hearing of the petition, that Moore appeared to contest said petition, on the ground of owning lands contiguous to the road. He objected that the necessary publications by advertisement were never made. Hancock, the petitioner, was permitted, by his own oath, to show the identity of one or more of the advertisements.

When the jury of view made their report, Moore appeared and objected, that one of them was not a householder. Whether the fact was established does not appear.

When the order establishing the change of the road was made, Moore prayed an appeal, which the court refused to allow.

The transcript also contains the several processes issued to the juries, as well as their returns and reports to the court.

In the circuit court, Moore assigned that the court of commissioners erred—

1. Because there was no sufficient proof of notice to establish the change.

2. Because Willburn, one of the jury, was not a householder.

3. Because certain proof as to notice was allowed after the order for the first jury.

4. Because the oath prescribed by statute for jurors, was not administered.

5. Because the appeal was refused.

6. Because there was no petition.

The circuit court affirmed the judgment, and this is here assigned as error.

S. D. J. MOORE, for the plaintiff in error, cited Dig. 507, § 4, 5, 6; Blann v. Grant, 6 Ala. Rep. 110; Samuels v. Farley, 7 Ib. 635; Commonwealth v. Coombs, 2 Mass. 489; Lester v. Vivian, 8 Porter, 375.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. The statutes prescribing the course to be pursued in establishing or changing public roads, have provided no mode by which the orders of the commissioners of roads and revenue of the several counties may be reviewed, and none has yet with us been settled by decision. These are matters of public concern, in which it can rarely happen that private interest is involved beyond the value of the land over which the road passes, and it is possible it is in this connection alone that individuals have any right to reexamine the decisions of that body to which this duty is intrusted.

In Hill v. Bridges, 6 Porter, 197, we held a writ of error would not lie to revise the refusal to lay out a road; and then remarked that as the discretion is reposed in the commissioners over roads, it is difficult to perceive for what reasons it could be supposed that this or any other court is invested with power to revise their judgment. We are not aware of any decision which warrants the conclusion that the action of county commissioners can be reviewed when its subject is a public road; nor can we think the legislature intended to

connect this matter with the ordinary litigation. It is true, in Smith v. Com'rs of Lauderdale County, 1 Stewart, 183, this court disposed of such a cause on the ground that the *certiorari* was sued for prematurely; but that was sufficient to dispose of the case as then presented, and nothing is said by the court to induce the idea that a revision of the order would have been made under other circumstances. Orders of the commissioners in relation to ferries and private roads frequently involve the rights of individuals, and therefore stand on a different ground, yet even as to these, no special mode of revision is appointed. [*Ex parte* Tarleton, 2 Ala. Rep. 35; State, *ex rel.* v. Comm'rs of Talladega, 3 Porter, 412.]

The exercise of this jurisdiction by the commissioners of the several counties being a matter of public concern, we should be disposed to doubt the right of any individual to make himself a party against those asking the action of the commissioners; and we incline also to think that if a *certiorari* can be sued out to set aside or quash an order of this public nature it can only be in the name of the State, upon the relation of some individual showing a direct proprietary interest injuriously and illegally affected by the order. [See Commonwealth v. Coombs, 2 Mass. 487.]

2. It is unnecessary, however, to make a decision to the extent of our *queries*, as this case can be otherwise disposed of; but what we have said is sufficient to indicate our opinion, that no one has the right to intervene in the primary court, and put questions on the record by bills of exception. The statute authorizing bills of exception gives the privilege only to *parties* to a suit and in the trial of *a cause*—[Digest, 307, § 5]—terms which evidently do not include a person in the condition of the actor in this *certiorari*. We may therefore dispense with the examination of the errors supposed to be placed on the record by that made.

3. There remains, then, only the form of the proceedings to be looked at, and these, in our judgment, are quite regular. If we concede that on a proper relation we could look at the judgment or order so far as to quash it if irregular, as seems to be the doctrine in Massachusetts. [Commonwealth v. Coombs, *supra*,] then here, we must infer that all the

pre-requisites, to give jurisdiction have been complied with. The order sets out that legal notice was given of the application, and is precise in declaring what change shall be made— a jury of the proper number is appointed to view the proposed change, and this jury seems to have performed its duty in every particular—after the report of this jury, another is appointed to lay off and mark the proposed alteration, and on the coming in of their report the final order is made.    This is entirely regular, and in strict conformity to the statute. [Digest, 507, § 3, 4, 5.]

There is no error in the record.    Judgment affirmed.