# THE COMMISSIONERS OF ROADS AND REVENUE OF TALLADEGA COUNTY. v. THOMPSON.

1. The commissioners' court of roads and revenue of a county is the proper defendant in a controversy involving the legality of its proceedings in the establishment of a new road, and a writ of error will lie in such case in the name of said court.

2. A judge of the circuit court in this state has the power to grant writs of certiorari, returnable to said court, to correct the errors of the commissioners' court of roads and revenue in the establishment of a new road, and take cognizance thereof.

3. The record of a court of limited jurisdiction should contain every fact essential to the validity of its judgment, and when in the record of the commissioners' court of roads and revenue in reference to the establishment of a new road, it does not appear, that thirty days notice of the application had been given, a decree establishing such road is erroneous, and properly quashed at the instance of a party injured thereby.

Error to the Circuit Court of Talladega.    Before the Hon. George W. Stone.

THIS case arose out of the action of the Commissioners' Court of Roads and Revenue on an application for a new road. It appears by the record that at a special term of said commissioners' court, held on the 21st February, 1847, on a petition filed for that purpose, said court appointed a jury of review on the proposed road, and that at the regular May term of said court, the jury reported in favor of the road, and designated its route, &c., whereupon the court ordered it to be opened and established, and appointed an overseer thereof; that on the 12th of August, 1847, the defendant in error presented to the Hon. G. W. Stone, judge of the ninth judicial circuit, a petition for a certiorari and supersedeas, to restrain said overseer from carrying said order into effect, in which she alledges, that the said road, as marked out, will pass through her premises, and will greatly lessen their value, &c., and that the proceedings of said commissioners' court in the matter are irregular, illegal, and void, &c.; that

said certiorari and supersedeas were awarded according to the prayer of the petitioner, returnable to the circuit court of Talladega county; that on the return thereof, the said commissioners' court appeared by attorney, was on its own motion made a party to the record, and admitting the facts stated in the petition, moved to dismiss it, which motion the court overruled, and thereupon gave judgment in favor of the defendant in error, quashing and vacating the orders of said commissioners'. court, appointing the jury of review and establishing said road. The record of the commissioners' court appended to the transcript, does not show that thirty days' notice of the application for the road was given.

The ruling and judgment of said circuit court is now assigned as error, and at the same time a motion is made by defendant to dismiss the writ of error.

L. E. Parsons, for plaintiff in error.

1. The circuit court should have dismissed the certiorari, because it was not sued out in the name of the State *ex rel*, &c. Moore v. Hancock, 11 Ala. 248.

2. The action of the court of roads and revenue cannot be reviewed when its subject is a public road. 11 Ala. 247. The whole subject is specially committed to them by the statute. Dig. 507, § 3. If an individual is injured, he is entitled to damages, and damages only. Dig. 507, § 5; 3 Porter, 412.

3. The proceedings in the commissioners' court are legal, as disclosed by the record. That court has the entire control of the whole subject; and every thing will be presumed in favor of its proceedings. It is not necessary the record should recite, that notice was given; that the jury of review were sworn according to law, and that they were citizens of the county, &c. &c. These things will be intended in favor of their proceedings, because the act which gives this jurisdiction is public and general, and this court must take notice of it.

Rice and Morgan, for defendant in error.

1. The writ of error should be dismissed. The commissioners' court of Talladega county, *eo nomine*, is not a corpo-

ration ; nor is it such a person as can sue out a writ of error. There is no responsibility for costs, and the unauthorized act of the court does not bind the people of the county.

2. The commissioners' court is a mere judicial tribunal, and cannot have any possible interest as a court, in the opening of a road. No one can maintain a writ of error who is not personally interested in the case. The Commonwealth v. Dudley, 5 Monr. 21 ; See U. S. Dig. Sup. vol. 1, p. 640, § 264; Alling v. Stutton, 16 Conn. 436 ; Tidd's Prac. 1053. It is clear that the commissioners' court are not aggrieved by the action of the circuit court.

3. The commissioners' court is of limited jurisdiction, deriving its power from the statutes alone ; every fact essential to is jurisdiction must appear on the record. This jurisdiction is conferred by the act of 1836, (Clay's Dig. 507, § 3,) and none of the requisites of the law were complied with.

4. The record does not show what persons applied for the order to open the road. It does not show that thirty days' public notice was given, as is provided by law; nor indeed, that any notice was given. Commonwealth v. Coombs, 2 Mass. 489; same v. Cambridge, 7 Mass. 158.

5. The jury should have been sworn before they made the review. The statute cannot be regarded as merely directory ; such a construction would defeat the common law rule, that a cause cannot be submitted to a jury until they are sworn.

6. The circuit court had the authority on a certiorari, to quash the proceedings of the commissioners' court. Burrows v. Nandiver et al, 3 Ohio, 383, is a case in point. The petition, which is admitted to be true, shows, that Sabra Thompson is directly interested in the proceedings of the commissioners' court.

CHILTON, J.—The questions for our decision are—1. Can this writ of error lie in the name of the commissioners' court ? 2. Can the action of that court be reversed on *certiorari* by petition of an individual showing injury to his private property by the action of the court ? 3. If the circuit court had jurisdiction, is the judgment quashing the order establishing the highway erroneous ?

1. The first question involves the correctness of the order passed in the circuit court, allowing the commissioners of roads and revenue to be made a party defendant in that court. If they were proper parties to resist the petition of the defendant in error in that court, it follows, they are entitled to prosecute the writ of error in this court. The statute of 1836, (Clay's Dig. 507, § 3,) gives to the respective commissioners' courts "full power and authority to order and establish new roads; to discontinue such as have, or may at any time become useless; to alter roads so as to make them more useful and convenient, and any order of a commissioners' court by which a road is recognized as a public road, shall in all cases be *prima facie* evidence of that fact: *provided*, that said court shall in no instance grant an order to establish, discontinue, or change a public road, unless the person or persons petitioning for the same shall have given at least thirty days' notice of the intended application, by advertisement at the court house door, and three other public places in the county," &c. The second section of the act prescribes the manner in which the new road may be established, or an old one changed, viz: that a jury of seven householders shall be appointed by the court, a majority of whom may act, who shall be sworn, &c. to lay off and mark the proposed road, and report to the court. The third section provides for compensation to the owners of lands, who are damaged by the road. The act does not specify any mode for revising the action of the commissioners' court, nor designate the persons who may be made parties to a controversy impeaching the regularity of the proceedings had in the commissioners' courts. But inasmuch as the legislature has thought proper to commit to the commissioners of roads and revenue full power and authority over the subject of ways, we think there is no reason for saying they are not the proper party defendant in a proceeding to annul what they have ordered. The public, in such proceeding, should have some representative, and the commissioners whose acts are impeached, and to whom such public interests are confided, are, in our opinion, the proper parties to the writ of error. The motion to dismiss the writ is therefore overruled. It

seems that the commissioners' court of roads, &c. have been parties defendants to writs of error in this court, and that no objection was made. This is at least persuasive to show what has hitherto been deemed the correct practice. See Smith v. The Commissioners of Roads, &c. 1 Stew. Rep. 183; State *ex rel.* Driver et al. v. Commissioners of Roads, &c. 3 Porter's Rep. 412; see also Lawton et al. v. The Commissioners of Highways, 2 Caine's Rep. 179.

2. In Moore v. Hancock, 11 Ala. Rep. 245, the question is left undecided, whether a *certiorari* will lie to the commissioners' court to quash an order changing a public road, except it is sued out in the name of the State, upon the relation of the party illegally and injuriously affected. The court inclined to the opinion that it will not. In England, the court of King's Bench having a general superintendency over inferior tribunals, not only may award a *certiorari* to inferior courts, but also to persons invested by the parliament with power to decide upon the rights of the citizen, even though it is declared their action shall be final. 4 Hawk. 144. The writ, though usually granted in the name of the king, might, at the discretion of the court, be granted at the suit of the party. 1 Bacon's Ab. 349, 350. The judges of the circuit courts have power to issue writs of *certiorari* returnable to the circuit courts, so as to revise the proceedings of inferior jurisdictions. Clay's Dig. 294, § 29. So this court, possessing a general supervision over the other courts of the State, has power to correct their errors by issuing the proper remedial writs. Digest, 285, § 1; Bell et al. v. Payne & Williams, 2 Stew. Rep. 413. Several decisions of this court indicate this (the writ of *certiorari*) as the appropriate remedy in the case made by the record. Smith v. Comm'ers of Roads, &c. 1 Stew. Rep. 183; The Intendent and Council of the Town of Marion v. Chandler, 6 Ala. Rep. 900; *Ex parte* Tarleton, 2 Ala. Rep. 35; John, a slave, v. The State, 1 Ala. Rep. 95; The State *ex rel.* v. Williams, Ib. 342; see also Commonwealth v. Coombs, 2 Mass. Rep. 489; Ib. v. Hall, 8 Pick. Rep. 440; 13 Ib. 195; Lawton v. Commissioners, &c. 2 Caine's Rep. 179; 2 Binn. Rep. 250; 3 Ham. Rep. 383; 8 Verm. Rep. 271. We conclude from these and other adjudged cases which might be cited, that the circuit

court could lawfully take cognizance of this cause by *certiorari*, and that the commissioners of roads, &c. were properly admitted defendants. The act here complained of is a judicial proceeding, and should not be confounded with the acts of corporations possessing legislative, executive or ministerial powers. See 2 Hill's (N. Y.) Rep. 14, and cases there cited.

3. It remains to consider whether the judgment of the circuit court is correct. The statute above referred to requires that thirty days' notice of the application to establish a new road shall be given by advertisement, &c. Until this was done, the commissioners had no power to establish the road. The record does not show that such notice was given, or that any advertisement was made, and therefore fails to support the jurisdiction of the court. It is a well settled rule of law, that the records of a court of limited jurisdiction should discover every fact essential to the validity of its sentences. Lister v. Vivian et al. 8 Por. Rep. 375; Blann, guardian, &c. v. Grant, adm'r, 6 Ala. Rep. 110; Samuels v. Findley, 7 Ala. Rep. 634. As the application was not preceded by the notice required by the statute, and the defendant in error has been enjoined by the order establishing the road, as is shown by the statements in the petition for the *certiorari*, which were admitted in the court below to be true, it results that there is no error in the judgment quashing the order. In Commonwealth v. Coombs, 2 Mass. Rep. 489, it was held by the court (Parsons, C. J.) that the proceedings should show that notice had been given to the inhabitants of the town, and this was one of the grounds on which the proceedings were quashed on *certiorari*. In the Commissioners of Roads v. Murray, 1 Rich. Rep. 335, the proprietors of the lands over which the road passed, had given their consent to its establishment. The act required that three months' notice should be given by the commissioners previous to laying out the road, in the settlement through which it was to pass— the court held that unless the notice had been given, the commissioners had no authority under the act to open the road, and to fine the defendant for not working on it. In that case, the effort was *collaterally* to impeach the proceedings, and one of the resolutions showed that the clerk was

required " to give the notice required by law of the application to be made to the legislature to lay out said road," &c. which was ordered to be laid out about a year after the notice was required to be given, the order establishing it reciting, " the said road being a part of the road petitioned for by this board to the legislature at its last session." The court say, "the commissioners are public agents, and it is fair to presume, when they do an act, that they have complied with all the pre-requisites to the exercise of their power." This view was certainly correct under the circumstances of that case ; for the regularity of the proceeding could not be collaterally impeached, when it was shown that the court had jurisdiction. But here the application is to vacate the irregular proceedings by a party injured, who propounds her interest, and the record does not show she had any opportunity to protect her interest before the commissioners' court— no notice having been given. We are clearly of opinion that it should be affirmatively shown by the proceedings, that notice had been given as the statute requires.

Let the judgment of the circuit court be affirmed.