## LONG vs. THE COMMISSIONERS' COURT.

1. An order of the Commissioners Court establishing a private road need not show that the road *does not* run through any person's plantation. If it does run through a plantation, it is incumbent on the owner affirmatively to show it.

2. Where the owner of land, over which a private road is granted, is present when the application is made to the Commissioners Court, and a jury to assess the damages is appointed at his request and without objection from him to the persons selected, it will be intended, though it be not shown by the record, that they were competent jurors.

3. And in such case, it appearing that the order of the court directed the jury to report *on oath* at a specified time, and that the jury made a report at the time appointed, setting forth that it proceeded, &c., "after being duly sworn," the owner of the land cannot be heard to complain for the first time in an appelate court that the jury was not sworn, as stated in the report.

ERROR to the Circuit Court of Butler. Tried before the Hon. Nathan Cook.

THIS case was commenced by a petition from sundry citizens of Butler county to the Commissioners Court for the establishment of a private road running through the lands of the plaintiff in error. The petition states that the road, which the petitioners wished established, had for a long time previously been used as a mill road by the settlement and had been obstructed by the plaintiff in error running a fence across it for the purpose of taking in a woods pasture, &c. The petition was filed

on the 29th January 1849, and at a term of the Commissioners Court held on the 7th May thereafter, the plaintiff in error appeared in person and made application for a jury to assess the damages that would be sustained by the running of said road over his land; whereupon a jury of seven was appointed to view, mark and lay out said road, and to assess the damages that the plaintiff in error might sustain, with directions to report on oath at the next term of the court, to be held on the third Monday in August. On the 20th day of August the jury made the following report: "We, the jury appointed to view and mark out a road," &c., "proceeded on the 11th day of August 1849, after being duly sworn, to view and mark out said road, and assess no damages to William Long,"—which report was examined and confirmed by the court and an order passed for the establishment of the road. The plaintiff in error then applied to and obtained from a circuit judge a *certiorari* returnable to the next term of the Circuit Court of Butler, and assigned as error in that court:

1. That no notice was given of the petition.

2. That the jury is not shown to have been composed of householders.

3. That the record does not show that the jury was to lay out the road so as not to run through any plantation.

4. That the report of the jury does not show that the road was not laid out through any plantation.

5. That the record does not show that the jury was sworn.

6. That neither the return nor the record shows that the road was laid out at all.

7. That the order establishing the road is not warranted by the report of the jury.

Upon the hearing of the cause, the Circuit Court affirmed the judgment of the Commissioners Court, which is now assigned as error.

ELMORE & YANCEY, for the plaintiff in error:

The Commissioners Court of Roads and Revenue, is one of special and limited jurisdiction, and its records must show that the requisitions of the act giving it jurisdiction over the making of roads have been complied with.—Horn v. Grayson, 7 Port. 272-3; Robinson et al. v. Steele, 5 Ala. 473; Commissioners of Talladega v. Thompson, 15 ib. 139.

The act of 1832, giving to the Commissioners Court of Roads and Revenue power to establish private roads, contains three requisitions, a compliance with which should appear upon the record to make its acts valid—

1. An application for the road.

2. That the road be not opened through a plantation.

3. That the jury to assess damages, "be empannelled and sworn" by the court.—See Clay's Dig. 506, § 1, and p. 507, § 5.

An order of that court, authorising a jury to lay out a private road, without the direction that it should not pass through the plantation of any person, is *coram non judice*, and cause of reversal by this court. An order establishing a private road, it no where appearing that said road does not pass through any one's plantation, is not in pursuance of the statute, and void. If this is not law, then a person injured by the act of a jury acting without such directions, would be without redress, for there is no law authorising any assessment of damages for the running a private road through a plantation. The report of the jury who laid out the road, not specifying that said road did not run through any one's plantation, was not such an one as the court could affirm, and the order affirming it and establishing the road was void.

It no where appears, save in the report of the jury, that they were sworn. The recital in the report is no evidence of the fact. The statute requires the court "to cause" a jury to be empannelled and "sworn." The record nowhere shows that the latter requisition was done. There is no order that it should be done.

The act of 1832 is but cumulative to the act of 1818 granting to County Courts the power to establish private ways, under certain circumstances, and should be construed in connection with that act.—See Toul. Dig. 337. If this is correct, then in addition to the requisites of the act of 1832, is the appointment of "a jury of house-holders" to mark and lay out the road.—See Toul. Dig. 391; Clay's Dig. 507, § 4. And the jury to take a particular oath.—See same authorities. The record shows a compliance with neither of these requisites, and they cannot be presumed.—The State v. Ligon, 7 Port. 167; Hartley et al. v. Bloodgood, 16 Ala. 233-8. If the two acts are not to be construed together, and a jury is not required to be empannelled,

then it is the duty of the court to grant the road upon petition, and the empannelling a jury to lay it out, &c., was illegal and void.—Willis, adm'r, v. Heirs of Willis, 9 Ala. 330.

The proceeding by *certiorari*, and the parties, all conform to authority.—Barnet et al. v. The State, 15 Ala. 829 ; Commissioners Talladega v. Thompson, ib. 139.

STONE & JUDGE, for the defendant:

1. The application was to establish a private road, pursuant to the statute. On such applications no notice is required.— (Clay's Dig. 506, § 1.) Notice is required only in case an order is asked to establish, discontinue, or change " a public road." (Clay's Dig. 507, § 3.) But if notice was requisite, the record shows that Long was present "in his own proper person," and asked for a jury to assess damages, &c.

2. It is not necessary that the record should show, or state that the jury appointed to view and mark out the road were house-holders ; it is necessary that the record should show, as it does, that a jury was appointed, and it will be presumed that they consisted of good and lawful men. If it can be successfully contended that the record should show the jury were house-holders, on the same principle it can be contended the record should show they were residents of the county, and twenty-one years of age. But the record shows that Long was present, and that the jury was appointed at his instance ; he is therefore precluded now from making this objection. Again, if the jury were not house-holders, the record should show that fact affirmatively.

3. It is not necessary that the record should show that the jury were required to lay out the road so as not to run through any plantation, or that as laid out, it did not run through any plantation—these are negatives which the record need not affirm. If the road was laid out or opened through Long's plantation, contrary to law, he ought to have shown or proved it in the court below.

4. The record need not state that the jury were sworn, it will be presumed they were. But the record does show they were sworn. The return or report of the jury states they viewed and marked out the road " after being duly sworn."

5. The record does not show that the road was marked out,

and how the same was done. If, however, no road was marked out, Long has nothing to complain of.

6. Long has not shown by proof or otherwise, that he was injured by the action of the Commissioners Court. He made no objection when the road was applied for, though personally present; he only asked for a jury to assess his damages, thereby waiving every thing else. The road was marked out as described in the application for it, precisely, and Long is dissatisfied only because damages were not allowed him by the jury, and relies only upon technical errors for a reversal, all of which, if any, have been caused by his own conduct.

CHILTON, J.—The act of 1832, Clay's Dig. 506, § 1, provides that "it shall be lawful for the courts of roads and revenue in each county, on the application of any one or more persons, to grant and establish private roads, not exceeding fifteen feet wide, provided, that they shall not be opened through any person's plantation, and provided always, that the person or persons petitioning shall be bound to open and keep such roads in repair, and shall pay to the owner of the said land, over which said roads may run, all damages that may be assessed against the petitioner or petitioners, for the benefit of the said owner, in the manner of assessing damages in like cases of public roads," &c.

The act of 1820 prescribed the mode of assessing the damage done to the owner of lands over which a public road should run, and is the act to which allusion was made by the act 1832. See Toul. Dig. 392, § 2. This act provides, that where a new road is established, the owner of the land, over which such road passes, may, at the next term of the County Court, apply to said court for damages for the injury which he may have sustained by the establishment of such road; and it shall be the duty of such court to cause a jury to be empannelled, to inquire of such damages, in which inquiry the jury shall take into consideration the advantages accruing to such applicant by the establishment of such road, and give their verdict accordingly.— Laws of Ala. by Toul. 392.

It appears from the record of the proceedings had in the court of roads and revenue, that at the term of said court when the application for this private way was granted, Long, the plaintiff

in error, was personally present "and made application for a jury to be appointed, to assess the damage which he would sustain by the road running through his land. Thereupon, seven persons were appointed to view and lay out said road and to assess the damage, who were directed to report upon oath, to the next term of said court. Accordingly, on the 20th August 1849, they reported to the court that they had, after being duly sworn, viewed and marked out said road, and they assessed no damage to the plaintiff in error, Long, which report was examined and confirmed by the court.

1. It is insisted that the proceeding was irregular, because the order to lay out the road does not direct that it shall be so laid out as not to pass through the plantation of any person. It is not shown that this was so laid out as to run through a plantation, and we will not presume that it does, for the purpose of invalidating the proceeding. This proviso is a limitation upon the power of the court in laying out private roads, but the order need not show the negative fact that the road runs through no plantation. If the court exceeded its jurisdiction, if the road was so laid out as to run through the plantation of Long, he should have shown this in the court below, in order to insist on the invalidity of the order. But nothing of the kind is made to appear. As well might it be contended that the order for the establishment of a bridge, a ferry, or authorising the erection of a mill dam, should negative the existence of every fact which would show the Commissioners Court could not properly exercise its power in the given case. It is certainly true that the Commissioners Court of Roads and Revenue is one of special and limited jurisdiction, and that its records must affirmatively show every fact, the existence of which is necessary to confer jurisdiction.—Commissioners Talladega v. Thompson, 15 Ala. 139. This, we think, the record before us does. The court acted upon a petition properly presented. The statute, in respect to private roads, requires no notice to be given, but if such notice were required, it is shown the want of it worked no injury to the plaintiff in error, as he was personally present. The court then having rightfully taken jurisdiction, it is incumbent on the plaintiff in error to show, that it erred to his prejudice, else we cannot reverse.

2. What we have said in reference to the character of the or-

der will equally apply to the objection, that the record does not show that the persons appointed as jurors to view and lay out the road and to assess the damages were qualified to act as such. The jury were empannelled at the request of Long.   He raised no objection to the men selected, and we must intend the court selected qualified persons.

3. Neither can the objection that they were not sworn prevail.   Their report shows that they proceeded to the discharge of their duty "after being duly sworn," and the order appointing them requires their report to be made on oath.   It was not necessary that any certificate of the oath administered to them should appear of record.   The statute does not require it, and such strictness would not comport with that liberal construction, which every statute designed for the promotion of the public good and convenience should receive.—9 Bacon's Abr. by Bouv. 254.   If the jury were not sworn, as their report states, it was good ground for setting it aside, but we must intend that the plaintiff in error was present when the report was made, as he was present when the jury were designated and required to report at the time they made it.   At all events, he might have been present had he so desired, and he should not be heard to raise objections in this court, which he never made in the primary court, and which, if there made, could in all probability have been remedied by supplying the proper proof of the jurors having been duly sworn.   This was not, as to Long, an ex parte proceeding.   He appeared in court, and procured the appointment of the jury, whose report, for the first time, he seeks to set aside on error.   We think the Circuit Court properly overruled the assignments of error, and correctly refused to set aside the proceedings had in the court of roads and revenue. Its judgment of affirmance is consequently affirmed.