## MOLETT vs. KEENAN.

1. The record of the proceedings of the Commissioners' Court in the establish-
ment of a road, must show upon its face every fact necessary to give the
court jurisdiction ; a recital in the record, that " notice in all respects accord-
ing to the statute was proven, by advertisement at the court house door and
three other public places in the county," does not show that the notice was
given *for thirty days*, as required by the statute.
2. An oath taken by the jury who are appointed to view and mark out the road,
in the following words :  "We do solemnly affirm, that we will  impartially
view and mark out said road, as named in said order to us directed, to the
best of our skill and ability," is not a substantial compliance with the requi-
sition of the statute.   (Clay's Digest 507 § 4.)
3. When the jury who were appointed to view and mark out the road, are also
empanneled to assess the damages occasioned by it to the persons through
whose lands it passes, they should be sworn and charged with a view to the
assessment of such damages, as directed by the act, (Ib. 507 § 5 ;) and the
failure to do this is an irregularity fatal to the proceedings on error.
4. When a person through whose lands a road passes, as established by the Com-
missioners' Court, wishes to challenge jurors, the challenges must be made
before the jury are sworn, and before they enter on their duties.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. NATHAN COOK.

This was a proceeding originally commenced in the Com-
missioners' Court of Roads and Revenue in Dallas county, at
the instance of the plaintiff in error and others, for the pur-
pose of establishing a new road.   The Commissioners' Court
granted the prayer of the petitioners, and empanneled a
jury to view and lay out the road, according to the statute
in such case made and provided.   The order establishing the
road and empanneling the jury was made at the February

term of said court, 1852; at the May term following, the
jury reported their proceedings, which were adopted, against
the objections of the defendant in error, through whose land
the road was to pass.   A *certiorari* was taken to the Circuit
Court, when the judgment of the Commissioners' Court estab-
lishing the road was reversed, and from that judgment a
writ of error is brought to this court.

The road sought to be established by the judgment and
decree of the Commissioners' Court, was what is denominated
in our statutes a public road, as contra-distinguished from a
private road.   The record recites:   " And notice in all re-
spects according to the statute being proven, by advertise-
ment at the court house door and three other public places
in the county." This was the only evidence of notice which
the record contains.

The only oath administered to the jury of review, was as
follows:   "I, James M. Lenoir, (and six others, naming them,)
do solemnly affirm, that we will impartially view and mark
out said road, as named in said order, and to us directed, to
the best of our skill and ability."

When the jury rendered in their report, the petitioners by
their counsel moved the court that the jury be instructed
forthwith to assess the damages.   The defendant in error
then objected, and claimed his privilege of challenging four
of the jury.   This motion was overruled, and the jury then
retired to assess the damages, without having taken any oth-
er oath than that above recited; and in a few moments re-
turned, with an amendment to their report, which was
received and adopted by the court, as follows:   "Amended
and additional report to the within; we, the jury, assess the
damage to M. J. Keenan, the sum of one hundred and thirty-
seven dollars and fifty cents."

The report as amended by this addition, was then received
and adopted; to all which proceedings the said Keenan ex-
cepted, and his exceptions were allowed.

The errors assigned in the court below were:

1. The record does not show affirmatively that thirty days'
notice was given of the application for the road.

2. The statutory oath was not administered to the jury of
review.

3. The court erred in allowing the jury of review to amend their report, after it had been received and adopted.

4. The jury were not specially sworn to assess damages to Keenan.

5. The court erred in refusing to allow challenges to the jury which assessed the damages.

6. The court erred in establishing the road upon the report and amended report of the jury.

The Circuit Court reversed the proceeding of the Commissioners' Court, and that decision is here assigned for error.

WM. HUNTER, for plaintiff in error:

The recital of notice contained in the record is not the statement of a conclusion of law, but the statement of a fact, to wit: that the statutory notice had been given. In chancery cases, where the recital of notice has been held insufficient, the statement was simply, that notice had been given in due or legal form; but no case can be found, where the record stated that the statutory notice had been given, and the recital was held insufficient. Our own courts have decided, in chancery cases, that the evidence of notice need not be put upon the record; a recital is always sufficient, if full enough. Hartley v. Bloodgood, 16 Ala. 233. The fact to be proved here was, that the statutory notice had been given; the evidence of that fact was, that the proper notice had been put up, at the proper places, and for the proper time. The fact itself is recited broadly and fully in the record; the evidence of it only is omitted.

The defendant in error cannot be heard to object on account of a want of notice. He appeared in the court below, and went to trial; and all special, prior preliminaries are presumed, as against him, to have been complied with, unless he objected on that ground. Intendments are extremely liberal in favor of jurisdiction, where the court is one of special, limited jurisdiction. Grignon v. Astor, 2 How. U. S. R. 339.

GEO. W. GAYLE, contra:

The Commissioners' Court is one of special, limited jurisdiction, and its record must show affirmatively that it has

complied with every requisition of the statute, before it acquires jurisdiction. Commissioners' Court v. Thompson, 18 Ala. 694. The errors shown by this record are:

1. It does not show that thirty days' notice was given, as required by the statute. Clay's Digest 507 § 3; 11 Ala. 295; 5 ib. 473; 15 ib. 139; ib. 829. A statement that legal notice was given, is not sufficient; the notice itself must be shown. Hill v. Hill, 9 Ala. 793; McMahan v. Bobo, 12 ib. 268.

2. The statutory oath was not administered to the jury of review. Digest 507 § 4.

3. The jury should have been specially sworn and charged to assess the damages. Ib. 507 § 5.

4. The defendant should have been allowed to challenge the jurors who assessed the damages, as in other civil cases. Ib. 457 § 38.

GIBBONS, J.—The Commissioners' Court of Roads and Revenue is a court of special, limited jurisdiction, and its proceedings, to be valid, must show upon their face affirmatively, that the court has acquired jurisdiction of the subject matter by taking those preliminary steps directed by the statute, in cases providing for its action.

This was the doctrine held in the case of The Commissioners of Roads and Revenue of Talladega county v. Thompson, 15 Ala. 134; and the same doctrine was re-asserted at the present term of this court in the case of Lamar v. Commissioners of Roads and Revenue of Marshall county, 21 Ala. 772.

Our acts providing for the establishment of public roads, and conferring this power upon the Commissioners' Court, amongst other things, says: "*Provided*, that said court shall, in no instance, grant an order to establish, discontinue, or change a public road, unless the person or persons petitioning for the same shall have given at least thirty days' notice of the intended application, by advertisement at the court house door, and at three other public places in the county."

This notice must undoubtedly appear upon the proceedings of the court establishing a new road, before its jurisdiction over the subject matter begins. No intendments or presump-

tions can be indulged in favor of its jurisdiction, but the fact itself of the notice must affirmatively appear. The record in the present case recites, that "notice in all respects according to the statute was proven, by advertisement at the court house door and three other public places in the county." But it does not show how many days the notice was given, except that it was given according to the statute. Here, then, to support the jurisdiction, we have to indulge in the presumption, that the notice was given for thirty days, because that is the requirement of the statute.

But it is insisted that, inasmuch as the statute itself is referred to in the record, and a compliance with it asserted, we are bound to infer that the requisite notice was given. In that consists the vice of the argument. We cannot indulge inferences or presumptions, in order to confer jurisdiction, where the doing of a particular act is a condition precedent to the vesting of jurisdiction; but must require that the fact itself, without being aided by inferences or presumptions, should affirmatively appear to have been done. We cannot consider the recital in the record as any thing more than an assertion that due and legal notice had been given, or that notice had been given according to law. These would be clearly incompetent to give the court jurisdiction, as they would be legal conclusions, and not facts. The case of Long v. Commissioners' Court, 18 Ala. 482, cited in argument, is not applicable to the present case. That was a proceeding by the Commissioners' Court for the establishment of a private road, and no notice in such a case is necessary, under the statute, to give the court jurisdiction. For the establishment of this class of roads, the mere application of one or more persons is sufficient to give the court jurisdiction of the subject matter. In the case cited, Long, over whose land the road passed, appeared in court, and made himself a party, and participated in the proceedings as to the assessment of his damages. This court held, that the court having obtained jurisdiction according to the statute, and Long being a party actor in the court below, like any other suitor in court, was bound to raise all objections to the proceedings in that court, or he would not be heard in an appellate court. The difference between that case and the one at bar, is, that in that

case, the court had acquired jurisdiction of the subject matter, and also of the persons litigant before it; while in the case at bar, the jurisdiction of the subject matter is denied. This jurisdiction, we think, the record does not sufficiently show.

Where a new road is established by the Commissioners' Court, the statute requires that the jury appointed by the court to view and mark it out, should take the following oath, that they "will view and mark out the road named in the order directed to them from the Commissioners' Court, in pursuance of said order, to the greatest advantage to the public, and with as little prejudice to enclosures and private individuals as convenient, without favor or affection, malice or hatred, and to the best of their skill and knowledge." The oath taken by the jury of viewers in the present case, was: "We do solemnly affirm, that we will impartially view and mark out said road, as named in said order, and to us directed, to the best of our skill and ability." This, as appears by the bill of exceptions, was the only oath which was administered to the jury.

Our conclusions are, that the oath administered to the jury of viewers was not the statutory oath, and was too wide a departure from it to be sustained. The proceeding was purely a statutory one, and the directions of the statute should, in all respects, be at least substantially complied with. The oath administered to the jury, compared with that required by the statute, was defective in substance.

The statute directs, that "where a new road is established, the owner of land over which it passes must, at or before the next term of the Commissioners' Court, apply to said court for damages, for the injury which he may have sustained by its establishment; and it shall be the duty of the court, to cause a jury to be empanneled and sworn to inquire of such damages, in which inquiry the jury shall be charged to take into consideration the advantages and disadvantages accruing to such applicant, and to give their verdict accordingly; and the damages (if any,) assessed shall be paid out of the county treasury; *Provided*, the court may, in their discretion, order the same jury who lays out the road to be empanneled to assess the damages, and may also appoint in the order the

32

time at which the road shall be cut out." Clay's Digest 507 § 5.

Under this section of the act, the court undoubtedly has the power to direct the same jury who view the road, to assess the damages to the individuals over whose land the road passes; but in case they are so directed, they should be sworn and charged with a view to the assessment of such damages, as directed by the act. This was not done in the present case, and the jury which assessed the damages did so without having taken the requisite oath, and without being charged as the statute directs. This, of itself, was an irregularity fatal to the proceedings, so far as the defendant in error was concerned.

We do not think the defendant in error had any right to challenge jurors, after they were empanneled and entered upon their duties. All such challenges should be made before the jury are sworn, and before they enter upon their duties. The challenges in this case were too late, and were properly overruled.

We do not deem it necessary to notice the other assignments of error, as they mostly grew out of the proceedings upon which we have already expressed an opinion, and will not probably arise on another trial.

The judgment of the Circuit Court is affirmed.