### In the Matter of Martin Lantis and Others.

The writ of certiorari at the common law is not one of right, but rests in the
sound discretion of the court, to be allowed or not as may best promote the
ends of justice. And the statutory provisions requiring the writ to be issued
within two years, and providing for its allowance out of court, do not take
away this discretionary power of the court.

Where proceedings were had for the draining of swamps, &c., under the act of
1857, and the report of the commissioners was confirmed by the Circuit Court,
and eleven months thereafter, parties who had appeared in the Circuit Court
and opposed the confirmation, sued out a certiorari to remove the proceedings
to this court, the writ was quashed for the laches of the parties in not suing
it out sooner.

*Heard July* 10*th. Decided November* 6*th.*

Certiorari to the Jackson Circuit Court.

Proceedings having been had in Jackson county, under
"An Act to provide for the draining of swamps, marshes
and other low lands," approved February 17, 1857 (*Comp.*
*L. p.* 444) the report of the commissioners was filed in
the Circuit Court, and by that court confirmed Septem-
ber 26, 1859. Martin Lantis and others appeared in the
Circuit Court and opposed the confirmation of the report,
and on August 23, 1860, sued out a writ of certiorari to
remove the proceedings into this court. Some of the errors
assigned on this writ are of a jurisdictional character—some
going to the validity of the law itself.

*Blair & Gibson,* now moved to quash the writ.

*Gridley & Conely,* contra.

In re Lantis and Others

MANNING J.:

The motion to quash the writ must be granted. No certiorari is given by the statute authorizing the proceedings of the commissioners, and at common law the writ is not one of right, but rests in the sound discretion of the court, to be allowed or not, as may best promote the ends of justice:—*The People v. Supervisors of Allegany*, 15 *Wend.* 198 ; 2 *Hill*, 9. The report of the commissioners was confirmed on the 26th September, 1859, and the writ was not sued out by the relators until the 23d August, 1860, eleven months thereafter. They appeared and opposed the confirmation of the report in the Circuit Court, and if they intended after failing there to bring the case to this Court for review, they should not in justice to the commissioners, the contractors and tax collectors, have lain by until the work was done and the taxes were levied and collected, as under the law and in the natural course of events they would be, and we are bound to suppose were, before appealing to this Court for relief. They should not by this apparent acquiescence on their part for so long a time in the action of the Circuit Court be permitted to reap, as its fruit, the benefit of what was afterwards done, without contributing towards the expense. *Non constat* that the contractors would have proceeded with the work, or that the taxes would have been levied and collected before the legality of the proceedings had been tested, had the writ been sued out within a reasonable time after the confirmation of the commissioner's report. For these reasons, without intending to lay down any general rule further than what is necessary to dispose of the present motion, we think the writ was improvidently allowed, on account of the laches of the relator in not suing it out at an earlier day, and that it should for that cause now be quashed.

The statutory provisions requiring the writ to be issued within two years, and providing for its allowance out of

court, were not intended to, and do not, take away the discretionary power of the court. The first is a limitation on its powers; and the other provision was only intended to do away with the necessity of a special application to the court for the writ, which would have to be made when the court was in session, and could be made at no other time.

In the case in Wendell, and in *The State v. Anderson*, 1 *Cox*, 318; the writ was quashed on the argument of the case, although it had been allowed by the court. The court being then in possession of the whole case, can more satisfactorily exercise its discretion than on the *ex parte* statement made to procure the writ.

The writ must be quashed, with costs of the motion.

MARTIN CH. J. and CHRISTIANCY J. concurred.

CAMPBELL J. dissenting:

I can not concur in the decision quashing the certiorari in this cause. The statute has allowed the writ to be issued at any time within two years; and this being so, a mere delay ought not of itself to be any ground of dismissal, where the writ is allowed in time. The objections to the report and proceedings are objections of a jurisdictional nature, apparent on the face of the papers, and if valid, parties acting on the faith of the report must act at their peril, and are not put in any better condition by allowing the action of the Circuit Court to stand. They are not such objections as could be waived if they are valid at all.

Without expressing any opinion whether the certiorari allowed by the proper officer can be dismissed at all without passing upon the legal questions brought up by it, I am satisfied it can only be properly done where grounds of public safety, or at any rate of pressing public exigency demand it. There can be no doubt of the propriety of

IN RE LANTIS AND OTHERS.

the writ of certiorari to review such proceedings as are involved in the record before us. Such has been the uniform practice in England and in this country: — 7 *East*, 71; 13 *Wend.* 668; 15 *Wend.* 14; 20 *Wend.* 685. The remedy by certiorari has been applied to bring up the acts of the sewer commissioners, and has only been refused where there was danger of inundation. The dangers or inconveniences, if any, which are to be feared here are private and not public. And there are some reasons why I regard it as extremely important to settle the questions raised. Few works have been completed of this kind compared with the number which must be undertaken hereafter. It is of great importance that all persons may know how they may safely proceed, and what they must avoid. By leaving these questions open, I think much more evil will result than can possibly flow from any consequences which may attach to the few persons who have become interested in the single work now in controversy.