BENTON *vs.* TAYLOR.

[CERTIORARI.]

1. *Certiorari, when will not be granted.*—A *certiorari* will not be granted at the instance of an individual tax-payer, and in his name, to revise the proceedings of the court of county commissioners appointing an agent "for the issuing of the rations to the indigent persons of the county," and ordering his payment out of the county treasury.

APPEAL from the Circuit Court of Randolph.
Tried before Hon. CHARLES PELHAM.

IN January, 1866, the commissioners court of Randolph county made an order appointing appellee agent for the distribution of rations to the poor and indigent of the county. In April, 1867, an order was made to pay appellee eighty dollars a month, out of the county treasury, for his services for ten months, and the appellant, a citizen and tax-payer of Randolph, filed his petition in his own name alone, in the circuit court, alleging that the sum allowed appellee for his services would have to be raised by taxation, some of which would be assessed and collected out of his property, and prayed that appellee be made a defendant to the petition, and that the commissioners court

be required to certify its proceedings in the matter to the circuit court, and that upon the hearing said orders be quashed, &c. The circuit judge ordered the *certiorari* to issue, and on the hearing the appellant moved the court to quash the orders, &c., of said court of county commissioners, which motion the court overruled, and rendered judgment against appellant for costs. To the action of the court in overruling his motion to quash, and to the judgment of the court, appellant excepted, appeals to this court, and here assigns same as error.

Jos. AIKEN, for appellant.
C. D. HUDSON, *contra.*

(No briefs came into the Reporter's hands.)

PECK, C. J.—A *certiorari* is a revisory writ, and may be issued by a superior, to correct the erroneous action of an inferior court, where the law has provided no remedy by appeal; but a party who seeks the aid of this writ must show that he has some direct interest in the proceedings sought to be revised, and has been injured by them. *Lamar v. Commissioners Court of Marshall,* 21 Ala. 772; *Comm'rs Roads and Revenue Talladega Co. v. Thompson,* 15 Ala. 134; *Ex parte Keenan,* 21 Ala. 558; *Cushing v. Gray,* 10 Shepley's Rep. 9; *In re Mount Morris Square,* 2 Hill's Rep. 14; *Petty v. Jones,* 1 Iredell, 408; *Cotton v. Clark, ib.* 353.

The appellant shows no interest in the proceedings of the commissioners court in this case; neither does he show that he has sustained any injury thereby that is not common alike to every tax-payer in the county. This is not sufficient to authorize him to interpose, in his own name, to revise the proceedings of that court, even if they be admitted to be erroneous. But, so far as we can see, there is no error in the proceedings that the appellant seeks to set aside. They consist of two orders, the one appointing the appellee an agent of Randolph county "for the issuing of the rations to the indigent persons of said county,"

made in January, 1866 ; and the other, directing his payment out of the county treasury, made in April, 1867.

We know as a historical fact, that at the close of the late rebellion, and for a long time afterwards, in many parts of the country a large portion of the people, white and black, were suffering from destitution, and many in great danger of perishing by starvation. So great and general was this evil, that the public authorities of the State found it necessary to provide supplies for their relief. Thereby it became necessary to have agents to take care of and distribute the supplies so provided.

The commissioners courts, being charged with the care of the poor, very properly appointed agents for that purpose, in their respective counties, and ordered them to be paid out of the county treasury. At the time the appellee was appointed the agent for Randolph county, we are not aware of any statute that expressly authorized the commissioners court to make the order, but we hold that the urgency of the case warranted the action of said court in the premises ; but before the order was made directing his payment, an act was passed, entitled "An act to provide for the distribution of supplies to the destitute, and to provide for the punishment of officers and others for their misapplication," approved February 19, 1867. By this act it was made the duty of the court of county commissioners to appoint an agent for their respective counties, and made it the duty of agents so appointed to receive all supplies furnished by the State for the destitute, and to distribute the same as provided by said act ; and said courts were also required to make reasonable allowances out of the county treasuries for the payment of said agents. Acts 1867, p. 704, §§ 1–7. This act, although passed after appellee's appointment, fairly interpreted, shows the propriety of the course pursued by the commissioners court, and justifies the order for the payment of appellee as agent, &c., out of the county treasury. We think, therefore, the *certiorari* in this case was unadvisedly issued, and consequently the court below committed no error in over-

ruling appellant's motion to quash said orders of the commissioners court.

Let the judgment be affirmed, at appellant's cost.