# Adams v. The State.

### Indictment for Receiving Stolen Property.

1. *Charge to jury; what should be refused.* — The court never errs in refusing a charge requiring explanation, or which has a tendency to mislead or confuse the jury, *e. g.*, as where the court in its charge enumerates several facts connected with a criminal transaction, upon consideration of which the jury might pronounce a verdict of guilt, and the defendant singles out one of these facts, and requests a charge that " from this fact *alone* " guilt cannot be inferred.

2. *Receiving stolen goods; what may authorize inference of guilt.* — Where a man engaged in trade is found in possession of stolen goods under suspicious circumstances, and declares that he knows, or has the means of ascertaining, the person from whom he received them, out of the ordinary course of business, his failure to take any steps to point out such person is a potent fact from which the jury may well draw the inference of guilt.

APPEAL from the Circuit Court of Lowndes.

Tried before Hon. J. Q. SMITH.

The appellant Adams was indicted and convicted for receiving a gin-band, knowing it had been stolen.

On the trial but two witnesses were introduced, and both of these for the prosecution. The owner of the gin-band, one Buckhault, testified that it was stolen from him about the first of April, and that in the latter part of the same month, learning from one Barganier that the band was in the defendant's possession, witness and Barganier went to defendant's house,. which was distant some five miles from the place where the gin-band was stolen. Defendant, " who was or had been keeping a store," was asked " if he had a gin-band there." He replied that " he had one, which some person brought to his house one night, while he was sick; that this person, who was unknown to defendant, said he had brought it to sell and that the price was seven dollars, which he would take out in molasses and other articles; that witness promised to get these articles when he went to Greenville, and the person threw the band across the fence, where it remained until morning; that as soon as he saw the gin-band he became satisfied that it was

stolen." These witnesses further testified that in this same conversation defendant told Buckhault, as he was taking the band home, "if the matter was kept quiet they would be sure to find out who this person was, as he would be certain to come back for his pay the next Sunday week." Buckhault told defendant he would give him until that time to find out, and that he must come to him, Buckhault, if he did not call on defendant, in case any discoveries were made. Defendant promised to do this, but never came to Buckhault, as he promised, or gave him any information on the subject. Barganier corroborated Buckhault's testimony, and stated further, that while defendant was riding with him in the neighborhood, several days before Buckhault recovered his property, he voluntarily informed him that he had lately taken in a gin-band. The foregoing was substantially all the evidence.

The court gave a general charge to the jury, the substance of which is set out in the opinion. The defendant requested the following written charge: "That because defendant has not proved to the jury that he has made efforts to detect the thief, who stole the gin-band, is not such evidence as will prove the defendant's guilt, and the jury cannot infer the defendant's guilt from that circumstance alone." This charge was refused, and defendant excepted.

R. M. WILLIAMSON, for appellant.

JOHN W. A. SANFORD, Attorney General, contra.

BRICKELL, C. J. — The court, in its general charge, referred to and enumerated several facts the evidence tended to prove, and instructed the jury in effect they could look to these facts, and, if they were deemed sufficient, on them pronounce a verdict of guilty. No exception was reserved to this charge, but the appellant singling out one of these facts requested the court to charge, that from it alone guilt could not be inferred. Admitting it to be true, as a legal proposition, that from this fact alone the guilt of the defendant was not inferable, the right of a defendant thus to sever the facts, and request the court to charge that the fact, dissociated from other facts in evidence, is not sufficient to authorize a conviction, cannot be admitted. If it could be, he would have a right to ask a charge as to each particular fact, that of itself and by itself, or in the language of the bill of exceptions, alone, it was insufficient to convict. Without further explanation, the jury would be confused, and probably misled into the supposition, that as each fact was thus declared insufficient to authorize a conviction, the whole combined was not sufficient. To avoid

this, an· explanatory charge from the court would be necessary. The court never errs in refusing a charge requiring explanation, or which has a tendency to mislead or confuse the jury. 1 Brick. Dig. 339, §§ 60–61.

Beside, it cannot be admitted as a legal proposition that in all cases, and under all circumstances, the failure of a defendant, charged with receiving stolen goods, to prove that he made efforts to detect the thief, may not be sufficient to authorize a conviction. The guilty knowledge, which is an essential element of the offence, is rarely the subject of direct and positive proof. It is inferred from circumstances that are as various as the shapes crime assumes. The failure of a man engaged in trade, who is found under suspicious circumstances in possession of stolen goods, who declares that he knows, or has the means of ascertaining the person from whom he received them, and who transferred to him possession in a manner out of the ordinary course of business, to take any steps to detect such person, by which we suppose the bill of exceptions intends to produce or point him out, would be a potent fact from which a jury could reasonably infer guilt. No charge ought to be given, which would deny to ·them the right to declare what was the proper inference from the failure. It is the province of the jury to draw the inferences from the facts in evidence, and it must be clear and indisputable that no reasonable inference can be drawn from them, before the court should deny to them the right of· determining the inferences of which the facts are capable. The judgment is affirmed.