[City Council of Montgomery v. Belser.]

# City Council of Montgomery v. Belser.

|53|379|
|102|483|

### Appeal from Mayor's Court.

1. *Certiorari; when proper remedy.*—When no remedy is provided by the charter of a municipal corporation, for reviewing the judgments of its officers against persons charged with violations of its ordinances, a *certiorari* from the circuit court is the proper remedy. When, however, the charter provides an appeal, or other special remedy, for the revision of the judgments of municipal tribunals, that remedy is exclusive, and must be pursued.

2. *Charter of the city of Montgomery.*—The charter of the city of Montgomery, providing an appeal to "the first term of the circuit court," as the remedy to revise the judgments of its municipal court,—the city court has no jurisdiction of an appeal from such judgment.

APPEAL from Montgomery Circuit Court.

Tried before Hon. JOHN A. MINNIS.

The appellee, Belser, was convicted in the mayor's court for an assault and battery, and for disorderly conduct, and fined for each offence. In the city court, to which he appealed, this appellant moved to dismiss the appeal, on the ground that the city court had no jurisdiction to hear or determine appeals from the judgment of the mayor of the city of Montgomery. The court overruled this motion and this ruling is assigned as error.

ELMORE & GUNTER, for appellant.

J. M. FALKNER, *contra.*

BRICKELL, C. J.—The charter of a municipal corporation, not providing a remedy by which the judgment of its officers against those charged with a violation of its ordinances or by-laws, can be reviewed, a *certiorari* from the circuit court is the only proper remedy for their revision. *Intendant, &c.* v. *Chandler*, 6 Ala. 297. If however the statute creating it provided an appeal, or other special remedy for the revision of such judgments, that remedy is exclusive and must be pursued. Dillon Juris. Cor. §§ 368, 476, and notes.

The 26th section of the charter of the city of Montgomery explicitly provided an appeal to *the first term of the circuit court of the county*, as the remedy for the revision of the judgments of the mayor or aldermen for violations of the city ordinances or by-laws. Pamph. Acts, 1869–70, p. 373.

The jurisdiction thus conferred on the circuit court is statutory—by which we mean to say, only, that in the absence of the statute, the circuit court could not on appeal exercise the jurisdiction ; a *certiorari*, in the exercise of its general revisory power over inferior jurisdictions, would be the only appropriate remedy. This jurisdiction is specially conferred on the circuit court, while the city court is in existence, with a jurisdiction defined as concurrent with that of the circuit court, except in actions to try titles to lands. If by construction the jurisdiction should be extended to the city court, we would do violence to the unambiguous words of the charter. It seems apparent it was the purpose of the legislature to single out the circuit court, as the tribunal for the revision by appeal of the judgments of the mayor or aldermen. That remedy must be pursued in that court.

The city court had not jurisdiction of the appeal, and it should have been dismissed at the costs of the party introducing it into that court. It is not proper to notice any other question presented by the record.

The judgment is reversed and the cause remanded, that the city court may enter the proper judgment dismissing the appeal.