[Faust v. Mayor and Aldermen of Huntsville.]

# Faust *v.* Mayor and Aldermen of Huntsville.

83  279
102  484

*Certiorari to Municipal Authorities, in matter of Proceedings for Opening Streets.*

1. *When certiorari lies to revise proceedings of municipal corporation.*—A writ of *certiorari*, as at common law, will lie to revise the proceedings of a municipal corporation, when they exceed its chartered powers, or are violative of any law or ordinance under which they assumed to act; but not when an adequate remedy by appeal is given, either by the city charter or by statute, nor when any other specific mode of review is provided.

2. *Taking private property for corporate uses, under constitutional provisions, and under charter of Huntsville.*—Under the constitutional provisions of force in 1870 (Const. 1868, art. XIII, § 5), a municipal corporation could not open or widen a street, nor otherwise condemn a right of way for its use, without making prepayment of compensation to the owner; the compensation (or damages) must have been assessed by a jury of twelve men, in a court of record, and any benefit accruing or resulting to the owner could not be considered by them in assessing his compensation; all of which provisions are infringed by the 19th section of the city charter of Huntsville (Sess. Acts 1869-70, p. 412), which authorizes the corporation to take possession and proceed with its work pending an appeal, without payment or deposit of damages, provides for the appointment of viewers or commissioners to assess the damages, and requires them to take into consideration the benefits resulting or accruing to the owner from the attempted improvement.

3. *Appeal from condemnation proceedings; certiorari.*—Although the 19th section of said city charter gives an appeal from condemnation proceedings had under its provisions, yet, such condemnation proceedings being unconstitutional and void, the right of appeal falls with the rest of the section, and *certiorari* lies to review the proceedings.

4. *Repeal of special by general statute.*—If the provisions of the act approved March 1st, 1871, regulating the taking of private property by corporations (Code, §§ 3581-3600), be applicable to municipal corporations, it would not repeal by implication an inconsistent provision contained in a municipal charter granted before its passage.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

In the matter of certain summary proceedings instituted by the corporate authorities of the city of Huntsville, for opening a new street through lands belonging to John A. Faust and his wife, and for assessing the damages thereby caused to their property; on the petition of said Faust and wife for a writ of *certiorari* to revise and quash the proceedings, on the ground that they were irregular, illegal, unau-

thorized and void. The Circuit Court dismissed the *certiorari* and petition, on the ground that the proper remedy was by appeal under the 19th section of the city charter; and its judgment is here assigned as error.

HUMES, WALKER, SHEFFEY & GORDON, and IRVINE WHITE, for appellants.—(1.) The provisions of the city charter of Huntsville, under which these condemnation proceedings were had, are in direct violation of the constitutional provisions which were in force at the time the charter was granted. The constitution provided, that compensation should be first made, or secured by a deposit of money; that it should be ascertained by a jury of twelve men, in a court of record; and that the compensation should be irrespective of any benefit resulting to the owner by the proposed improvement.—Const. 1868, Art. XIII, § 5. The city charter authorizes an assessment of damages by a jury of viewers, whose proceedings are not matter of record in any court; requires them to take into consideration the probable benefits that may result to the owner, and does not provide for the payment of the assessed damages to the owner.—*Railroad Co. v. Burkett*, 46 Ala. 579; *Commissioners Court v. Bowie*, 34 Ala. 461–67; *Ex parte Florence*, 78 Ala. 419; *Tims v. State*, 26 Ala. 165; *Thomas v. Bibb*, 44 Ala. 721; *Ex parte Haughton*, 38 Ala. 570; *Railway Co. v. Sayre*, 72 Ala. 448; *Railroad Co. v. Jones*, 68 Ala. 48; *Railroad Co. v. Telegraph Co.*, 46 Geo. 43; *Haverhill v. Co. Comm'rs*, 103 Mass. 120; 50 N. H. 591; Sedgw. Stat. & Const. Law, 526, ed. 1857; Cooley's Const. Lim. 660, 14th ed. (2.) The 19th section of the city charter, which gives an appeal, is altogether unconstitutional and void, for the reasons above stated; and the right of appeal falls with it. Nor would an appeal lie from void proceedings.—*Garrison v. Burden*, 40 Ala. 513; *Hayes v. Cockrell*, 41 Ala. 75; *Ex parte Boynton*, 44 Ala. 261. (3.) These provisions of the city charter, if ever valid, were repealed by the statute approved March 1st, 1871, regulating proceedings for the condemnation of private property by corporations, which is as applicable to municipalities as to railroads.—Code, §§ 3580–3600. (4.) *Certiorari* was the appropriate remedy in this case, and the only remedy.—*Ex parte Boynton*, 44 Ala. 261; *Intendant v. Chandler*, 6 Ala. 899; *Camden v. Block*, 65 Ala. 236; *Miller v. Jones*, 80 Ala. 89; *In re Tarleton*, 2 Ala. 35;

[Faust v. Mayor and Aldermen of Huntsville ]

2 Dill. Mun. Corp., §§ 611, 925–6; *Camden v. Mulford*, 26 N. J. Law, 49.

WM. RICHARDSON, *contra.*—The city charter of Huntsville gives a specific remedy by appeal in such a case as this, and that remedy is exclusive.—Dill. Mun. Corp., §§ 476–8, 2d ed.; Redf. Railways, 336, § 8, 3d ed.; *Benton v. Taylor*, 46 Ala. 388; *City Council v. Belser*, 53 Ala. 379; *Camden v. Block*, 65 Ala. 236; *Ex parte Buckley*, 53 Ala. 50; *Albritton v. Mayor*, 60 Ala. 486; *Lamar v. Comm'rs Ct.*, 21 Ala. 778; 2 Nott & McC. 410; *McAliley v. Horton*, 75 Ala. 492.

SOMERVILLE, J.—The process is one of common-law *certiorari*, to bring before the Circuit Court for review certain proceedings of the mayor and aldermen of the city of Huntsville in laying out a street over the lands of the appellants, situated within the municipal limits. The proceedings of condemnation were under section 19 of the charter of that city, which was enacted and approved March 3d, 1870 (Acts 1869–70, p. 423), and provides for the assessment of damages by a jury of commissioners, or viewers, appointed by the mayor of the city.

The Circuit Court dismissed the petition out of that court, and this judgment is assigned as error.

The rule has long been settled in this State, that a writ of *certiorari* will lie, in a proper case, to the Circuit Court, to review the proceedings of municipal corporations, where they are charged with exceeding their chartered powers, or with violating any law or ordinance under which they have undertaken to act.—*Ex parte Tarleton*, 2 Ala. 35; *Intendant v. Chandler*, 6 Ala. 899; *City Council of Montgomery v. Belser*, 53 Ala. 379. But the writ will not be entertained, if an adequate remedy by appeal be given by the city charter, or otherwise by statute, or any other specific mode of review be provided. This is the rule applicable to writs of *certiorari* generally, as well as to those of the class now before us, seeking to review the action of a city council in laying out or constructing streets under the authority of their charter. *City Council of Montgomery v. Belser*, 52 Ala. 379; *Benton v. Taylor*, 46 Ala. 388; *Ala. G. S. R. R. Co. v. Christian*, 82 Ala. 307; 3 Dillon's Mun. Corp. (2d Ed.), §§ 611, 925–926; Mills on Eminent Domain (3d Ed.), § 243. In proceeding to discuss this case, we shall fully recognize the foregoing principles, the last of which especially is contended

[Faust v. Mayor and Aldermen of Huntsville.]

for by the appellee; and its recognition no doubt induced the action of the lower court in dismissing the petition.

It is contended by the appellant's counsel, that this rule can not apply here, because section 19 of the charter of Huntsville, in which it is sought to provide for the right of appeal, is entirely void for repugnancy to several clauses in the Constitution of 1868—the fundamental law in force at the time of the enactment of the charter, on March 3d, 1870. Acts 1869–70, pp. 412. If this contention be correct, and the entire section falls to the ground for unconstitutionality, the right of appeal must go with the remainder of the law, and it can no longer be maintained that the appellants have any other adequate remedy, or indeed any remedy at all except that by *certiorari*.

We are of opinion, that the provisions of the entire section, with the municipal ordinances attempted to be enacted to carry it into effect, are void for repugnancy to the Constitution of 1868, which, as we have said, was in force when the statute was passed.

It is provided by section 5 of Article XIII of that instrument as follows : "No right of way shall be appropriated to the use of any corporation, until full compensation therefor be *first* made in money, or secured by the deposit of money to the owner, *irrespective of any benefit* from any improvement by such corporation; which compensation shall be ascertained by *a jury of twelve men, in a court of record*, as shall be prescribed by law."—Constitution 1868, Art. XIII, § 5.

(1.) This section, in the first place, provides that compensation shall *first* be made—which means, shall be made prior to any taking of possession, or entry upon the premises under the condemnation proceedings; a condition precedent, in the absence of which neither the title of the owner of the land, nor any easement in it, is divested.—*N. O. & S. R. R. Co. v. Jones*, 68 Ala, 48.

The section under consideration is not clear in requiring this pre-payment of the assessed damages—a probable ellipsis in the act, which might possibly be supplied by implication. But section 209 of the City Ordinances, after requiring a payment or tender of the assessed damages, further provides, in the event of an appeal being taken by the owner from the assessment of the jury of viewers, that during the pendency of such appeal, without even the deposit of the money in the court, the corporate authorities may take possession

[Faust v. Mayor and Aldermen of Hunt-ville ]

of the land, and proceed wth the opening, widening, or ex-
tension of the street, on giving to the owner a bond with ap-
proved security, in double the amount of the assessment,
conditioned for its payment in case the same is sustained.
This does not provide for a pre-payment of the compensa-
tion, within the meaning of the constitutional requirement.
It may be that the entire proceeding of the corporation was
void, and would be vacated on appeal, and, in the mean-
while, the appropriation of the citizen's property, with all
the damages incident to it, is complete, and it may be
irreparable.    He wins his suit, and at the end of the litiga-
tion finds the city authorities in full possession of his prop-
erty, and their improvements complete—he having only a
paper security as his compensation for the unlawful taking.

(2.)  So, the Constitution required the amount of compen-
sation, or damages, to be ascertained *"irrespective of any
benefit* from any improvement by such corporation."—Const.
1868, Art. XIII, § 5, *supra*.  The section of the city char-
ter under consideration (sec. 19) provides for a mode of
assessment in direct conflict with this provision, by requir-
ing that the jury *shall* take into consideration the *benefits* to
the owner's lands resulting from the supposed improvement.
Acts 1869–70, p. 423.

(3.)  Again: it is further required by section 5 of said
Article XIII of the Constitution, that the compensation re-
quired to be paid "shall be ascertained by *a jury of twelve
men, in a court of record*, as shall be prescribed by law."
This provision was no doubt intended, like similar provisions
in other recently adopted State constitutions, to prohibit the
very mode here adopted, of making assessments by a jury of
viewers, or commissioners, which is known to have been
brought greatly into abuse, in many instances, through sinis-
ter influences operating on municipal bodies, to the aggran-
dizement of some, and at the expense and oppression of
others.—*Paul v. Detroit*, 32 Mich. 108, 114; *Whitehead v.
Arkansas Cen. R. R. Co.*, 28 Ark. 460; *Mitchell v. Illinois
& St. Louis R. R. Co.*, 78 Ill. 286.

There are, perhaps, some other objectionable features about
this section, but it is needless to consider them.   The above
defects are sufficient to vitiate it entirely as a part of the law
constituting the charter.   The whole section, so far as it at-
tempts to provide for a mode of condemning the citizen's
property for public streets, lanes or alleys, and of ascertain-
ing the amount of damages due for the property taken, is

[Smith v. Gibson.]

abortive. It is void in all its essential features, and the provision authorizing an appeal, having nothing upon which to operate, becomes void also with the remainder of the law. *South & North Ala. R. R. Co. v. Morris*, 65 Ala. 193; *Stewart v. County Commissioners*, 82 Ala. 209; *Powell v. State*, 69 Ala. 13; *Allen v. Louisiana*, 103 U. S. 80.

We need not consider, at any length, the proposition, that section 19 of the charter of the city of Huntsville was repealed by the act of March 1, 1871, embodied in the Code of 1876 as sections 3580 to 3600, inclusive, and providing for the taking of private property for public uses by corporations. Admitting that this law applies to municipal corporations, it is a law of a general nature; and the rule is, that such laws do not repeal by implication charters and special acts passed for the benefit of particular municipalities. The concluding section, repealing all laws contravening the provisions of the act, would be inoperative for this purpose, inasmuch as repeals by implication are generally disfavored. 2 Dillon on Mun. Corp. (3d Ed.), §§ 88, 87; *Ottawa v. County*, 12 Ill. 339; *State v. Branin*, 3 Zabr. (23 N. J. L.) 484; 3 Brick. Dig., p. 750, § 47.

It follows from these views, that the appellants were entitled to their remedy by *certiorari*; and the Circuit Court, therefore, erred in dismissing the petition. Its judgment must be reversed, and the cause remanded, that the proper order may be there entered quashing the proceedings of the mayor and aldermen of the city of Huntsville.

Reversed and remanded.