(80 South. 148)

JANES v. GREEN. (2 Div. 178.)

(Court of Appeals of Alabama. Nov. 19, 1918.)

1. SALVAGE ☜43—TITLE TO PROPERTY—STATUTES.

Under Code 1907, §§ 5844–5857, prescribing the necessary steps to be taken when property is salvaged, the salvor is clothed with title to the property salvaged if he strictly pursues the steps indicated by the statute.

2. SALVAGE ☜39—LIEN—STATUTES—EXHIBITION OF PROPERTY.

Under Code 1907, §§ 5844–5857, prescribing the necessary steps to be taken when property is salvaged, an exhibition of the salvaged property to a justice of the peace is essential to the establishment of a lien in salvor's favor.

3. SALVAGE ☜39 — LIEN — JURISDICTION OF JUSTICE—VALUE OF PROPERTY.

When property is salvaged under Code 1907, §§ 5844–5857, it is essential to the establishment of a lien that a justice of the peace determine whether in his opinion the property is worth more than $30.

Appeal from Circuit Court, Choctaw County; Ben D. Turner, Judge.

Proceedings by John A. Green, Jr., against Jacob Janes to establish a lien as to salvaged staves. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Roach & Ward, of Mobile, and T. J. Hollis, of Butler, for appellant.

J. D. Lindsey, of Butler, for appellee.

BRICKEN, J. Appellee, John A. Green, Jr., alleging that he had salvaged certain staves belonging to appellant, Jacob Janes, found floating on the river during high water, sought by attachment to fasten a lien upon them for his labor and expense.

Trial was had in the justice court, resulting in a judgment for appellee, and appellant took his appeal to the circuit court, where he moved to quash the proceedings in the justice court, and demurred to the complaint, as amended.

This motion and the demurrers present the main question in this case, rendering it unnecessary to pass upon the assignments of error relative to the admission of evidence.

Counsel for appellee has not furnished a brief, and we are not advised upon what theory the court rendered judgment against the owner of the salvaged property. The statutes, sections 5844 to 5857, Code 1907, prescribe the necessary steps to be taken when property is salvaged.

[1] Under these statutes, the taker-up is clothed with the title to the property salvaged, if he strictly pursues the steps provided to be pursued, and the owner is the movant.

So far as we are advised, there has been no change in these sections since the decision rendered in Crowder v. Fletcher & Co., 80 Ala. 219. In fact, these sections have been several times readopted with the construction placed upon them in the Crowder Case, supra. In that case, Chief Justice Stone, referring to establishing and enforcing a salvage lien, speaking for the court, said:

"The claim rests entirely on statutory provision; for, without it, the claimant would have no standing whatever in court. * * * The proceedings are summary, and in their main features ex parte. The statute contemplates a deliverance from peril of another's goods found adrift, and compensation, called salvage, for the labor and care bestowed, in effecting the rescue. Certain steps are required to be taken by the captor: He must within a given time after the same is taken up, 'exhibit the property to a justice.' This is the first step, and one object attained by it is the rendering more difficult a fraudulent or collusive taking up of another's property, * * * inspecting the property, if its value does not exceed $30 the justice himself must make the appraisement and description. If, in his opinion, it is worth more than $30, he must issue an order of appraisement to three disinterested freeholders, or householders, who, after being duly sworn to estimate the value of such property fairly, must appraise and certify the same to the justice of the peace, with a description of the property. * * * All these steps, the statute contemplates, are ex parte, and take place when no one is present to represent the owner of the property. * * * The result of these proceedings, if properly conformed to, is to fasten a charge by no means light on the owner and his property, in the determination of which he has not been heard, and generally without his knowledge."

[2, 3] In this case of Crowder v. Fletcher & Co., supra, emphasis is placed upon the fact that property alleged to have been taken when adrift was exhibited to the justice of the peace. It is essential that he see it. The second essential is that the justice of the peace must determine whether in his opinion the property is worth more than $30. These are indispensable precedent facts.

Under the authority of that case, the motion to quash should have been granted, as the necessary steps were not taken by the taker-up of the property to perfect a lien, if it can be called such. Under the statutes above referred to, the justice acquired no jurisdiction. The judgment of the circuit court is therefore reversed, and the cause remanded.

Reversed and remanded.