## BYARS et al. v. TOWN OF BOAZ et al.

### 8 Div. 535.

Supreme Court of Alabama.
June 7, 1934.

Street & Bradford, of Guntersville, for appellants.

H. G. Bailey, of Boaz, for appellees.

KNIGHT, Justice.

Common-law certiorari to review and quash proceedings of the town council of the town of Boaz, levying an assessment for street improvement upon property of the petitioners, appellants in this court.

It appears that the town of Boaz, under the provisions of article 33, chapter 43, of the Code 1928 (section 2173 (1) et seq.), undertook to make certain street improvements, the cost of which within constitutional limitation, was to be assessed against the property owners. To that end, certain proceedings were had, which culminated in what the petitioners termed "an order," assessing various amounts against certain properties of petitioners, described in the petition. This "order" was made by the town council on October 31, 1929.

On the 19th day of October, 1931, the petitioners, feeling aggrieved, and injured in their property rights, by the action of the town of Boaz in making said assessments against their property, presented to the Honorable A. E. Hawkins a petition, duly verified, in which they averred that the town of Boaz, under and by virtue of said assessment was claiming a lien on each of said pieces of property, so owned by petitioners, to the amount of the respective assessments, and was threatening to have the same sold for the satisfaction of said assessments.

It is averred further that the assessments were illegal and void for a number of reasons, which are set out at length in the petition.

Upon the presentation of the petition to the judge of the circuit court of Marshall county; that official ordered that the writ of certiorari prayed for be issued, and directed that the "town of Boaz, the council of said town and J. B. Barrett, as the secretary of said council," make, certify, and transmit to the circuit court a full, true, and complete transcript of all the records and proceedings relating to "said assessments mentioned in said petition." The respondents were given thirty days within which to comply with the order. This order was made on October 19, 1931.

On November 10, 1931, without first complying with the above mentioned order, the respondents appeared in the circuit court, and filed a motion to quash the writ of certiorari granted upon the petition. The grounds assigned were, in effect, that petitioners were guilty of laches, in that the petition was not filed until two years after the assessments complained of were made final; that the petition shows on its face that it was not filed within a reasonable time after the final order was made in the proceedings; and that the excuse given for the delay was insufficient.

Inasmuch as the court, upon submission of the motion to quash the writ, granted the same and quashed it and dismissed the petition, without requiring the proceedings had before the town council, which culminated in making the assessment levies, certified to the court, we are here and now only concerned with the correctness of the judgment of the court in quashing the writ of certiorari, upon the grounds assigned in the motion.

■ We held in the case of City of Birmingham v. Wills, 178 Ala. 198, 59 So. 173, Ann. Cas. 1915B, 746, and reaffirmed the principle in Nashville, C. & St. L. Ry. Co. v. Town of Boaz, 226 Ala. 441, 147 So. 195, and in the case of First National Bank of Dothan v. Fountain Motor Co., 227 Ala. 133, 148 So. 817, 820, that jurisdiction of the subject-matter—providing for and making the local improvement—is conferred by statute on the municipal board, and that jurisdiction of the res must be acquired by the proceedings, and that the steps essential to this element of jurisdiction which must appear on the face of the record of the proceedings of the municipal board are: "(1) The adoption of an

ordinance providing for the improvement, in substantial compliance with section 2176 of the Code of 1923 (as amended by Gen. Acts 1927, p. 756), and section 223 of the Constitution, limiting the assessment against the abutting property to special benefits to the property resulting from the improvement. City of Decatur v. Brock, 170 Ala. 149, 54 So. 209. (2) The minutes of the board should evidence the fact of the preparation of a 'Roll or list of owners; lots' or parcels of property assessed against' (the roll itself need not appear in the minutes), as required by sections 2190, 2191 of the Code (as amended by Gen. Acts 1927, p. 764), and the delivery thereof to the city clerk at least twenty days before the final meeting fixed by the board for hearing the objections of the individual property owners to the assessments made against their respective properties (sections 2190, 2191, 2192, Code); and (3), that notice was given by the clerk by publication in a newspaper of general circulation published in said municipality, that said assessment roll or list has been delivered to him, and is open for inspection in the office of the person authorized to make collection of said assessments. Section 2192, Code of 1923 (as amended by Gen. Acts 1927, p. 764). *This much is necessary to show due process in compliance with constitutional requirements.* City of Birmingham v. Wills, supra; Jasper Land Co. v. City of Jasper, 220 Ala. 639, 127 So. 210; City of Jasper v. Sanders, 226 Ala. 84, 145 So. 827."

Considered in the light of the foregoing requirements, as to acquiring jurisdiction of the res, the petition shows that such jurisdiction was not acquired in the proceedings culminating in making the assessments against the petitioners' properties. The motion to quash the writ, upon the stated grounds, must be treated as admitting the averments of the petition, in the respect here under consideration, to be true.

There is some authority for holding that where the writ is improvidently issued, as for instance, on account of the laches of the parties in not suing it out at an earlier time, it may be quashed on a motion for that purpose, and predicated upon that ground. 5 R. C. L. § 15, p. 264; In re Lantis, 9 Mich. 324, 80 Am. Dec. 58.

We are thus concerned only with a determination of the one concrete question, Did the petitioners delay for such an unreasonable length of time in seeking relief against the void assessments as justified the court in quashing the writ, and dismissing their petition? It must be borne in mind, in determining this question, that the motion to quash does not pretend to set up that the municipality had made expenditures of its funds upon the supposed validity of the ordinance making the assessments, or that the delay has been hurtful to the city in any way. Delay in filing the petition, without suggestion of any injury, is made the sole basis of the motion to quash the alleged void assessment.

In some jurisdictions it is held that proceedings to quash a void judgment must be begun within a reasonable time, and what constitutes a reasonable time is left somewhat to depend upon the particular facts of the case, and is addressed to the sound discretion of the court. The exercise of that discretion will not be revised, if not abused.

In 11 Corpus Juris section 133, at page 146, it is stated: "Generally, lapse of time will not preclude the granting of the writ, where the delay has resulted in no detriment, but, if private injustice will result from granting the writ after the delay, it will ordinarily be refused."

In the case of Wright v. Court County Commissioners, Geneva County, 180 Ala. 534, 61 So. 918, 919, of the writ of common-law certiorari, the following observation was made: "The writ of common-law certiorari is not a writ of right, unless made so by the statute. It will not be granted by superior courts to revise inferior courts, unless necessary to do substantial justice. It does not lie, if an appeal or a writ of error will do the same service. It does not lie to correct mere irregularities of inferior jurisdictions. On the hearing of the application, the proceeding in the inferior court is either quashed or affirmed, in whole or in part. The writ is addressed to the sound judicial discretion of the judge or court, who may grant or refuse it as it may seem proper in the particular case. The writ is not an instrument for, or mode of correcting and amending, imperfections or defects. If no injustice has been done or is likely to be done, on account of the matter complained of, the writ should be denied. Harris on Certiorari, §§ 81, 138; 18 Am. & Eng. Ency. Law (1st Ed.) 567; City Council of Montgomery v. Belser, 53 Ala. 379; Heirs of Bryant v. Stearns, 16 Ala. 303; Alabama G. S. R. Co. v. Christian, 82 Ala. 307, 1 So. 121; Faust v. Mayor, etc., of Huntsville, 83 Ala. 279, 3 So. 771; Crowder v. Fletcher & Co., 80 Ala. 219."

Of course, in the statement that the writ "is addressed to the sound judicial discretion

of the judge or court, who may grant or refuse it as it may seem proper in the particular case," it was not intended to imply thereby that the discretion of the "judge or court" was *unbridled and final*. It presupposes that the discretion will be exercised as the justice of the particular case may suggest or require, and agreeable to the law pertaining thereto.

The averments of the petition present a case of a proceedings, culminating in a void judgment for lack of jurisdiction of the res. The motion admits the invalidity of the proceedings and of the judgment, but attempts to deprive the petitioners of relief against the judgment upon the sole ground of delay in making the application, averring no facts which would make it unjust or unreasonable to grant relief against the judgment.

■ After the preliminary ordinance was adopted, if such an ordinance in fact was adopted, and the town of Boaz determined to undertake the improvement of the streets, the proceedings thereafter became judicial, and in the further progress thereof, the rule of due process applied with all its vigor; for whenever an act determines a question of right or obligation, or of property, as the foundation upon which it proceeds, such an act is to that extent judicial. 5 R. C. L. § 10, page 259; Wulzen v. Board of Sup'rs of City and County of San Francisco, 101 Cal. 15, 35 P. 353, 40 Am. St. Rep. 17; Seattle & M. R. Co. v. Bellingham Bay & E. R. Co., 29 Wash. 491, 69 P. 1107, 92 Am. St. Rep. 907.

■ However, the supervisory jurisdiction of the court on certiorari is restricted to an examination into the external validity of the proceedings had in the lower tribunal. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. In this respect the supervisory powers of the court should not be confused with its appellate jurisdiction.

The town council not having acquired jurisdiction of the res, but the petitioners having delayed action seeking relief from the void judgment for a period of almost two years, was the lower court justified in quashing the writ, and dismissing the petition on the sole ground of laches, it not being shown that any detriment would accrue to the respondents, or to either of them, by an annulment of the void judgment at that late date?

Let it be understood that the statute has interposed no limitation of time within which the relief by common-law certiorari must be sought, and that the review contemplated extends only to the extrinsic validity of the judgment, and does not extend to the correction of irregularities which may be reached only by appeal.

■ We have no authoritative expression of our court directly in point on this question. We must, therefore, determine the question on *general principles of law applicable to* common-law certiorari, and rules of law applying when an effort is made to enforce a judgment, which is void on the face of the record and proceedings culminating in the judgment. In the absence of any showing that, to award the writ at the time applied for, will result in such hurt or injury as would, in equity and good conscience, work an estoppel against all parties complaining, will a court permit the enforcement of a judgment confessedly obtained without due process, and void upon its face? We think not. To withhold relief under such circumstances would violate the fundamental and constitutional rights of such party.

We have said that we have no direct authoritative expression of this court on the question here presented, but the case of Sweeney et al. v. Tritsch, 151 Ala. 242, 44 So. 184, 185, *affords quite a striking analogy to* the case now before us. In that case, a bill was filed against a nonresident defendant to enforce a vendor's lien. The property was situated in Alabama, and the defendant was brought into court by substituted service, i. e., by publication. Without further service or notice, a personal decree was rendered against the defendant for the balance of the debt. After the *lapse of ten years*, the defendant filed petition, in the court in which the decree was rendered, to vacate the judgment. The court dismissed conditionally the petition. On appeal to this court the decree dismissing the petition was reversed, this court holding that the motion to vacate the judgment should have been unconditionally sustained.

The court, through Mr. Justice McClellan, pointed out that the decree in question being, as shown by the face of the record in the original cause, utterly void, the application of Sweeney should have been granted, unless, as insisted by appellee, *the lapse of time* has affected his rights in the premises, or unless his appearance by filing the motion under consideration gave the court jurisdiction of him as a party defendant in the original cause, and justified the reopening of that cause and the rendition of a judgment against him. The court held that neither of

26

the contentions could be sustained. It was then observed: "With reference to the first proposition, this court in Pettus v. McClannahan, 52 Ala. 58, and also in Baker v. Barclift, 76 Ala. 417, declares unequivocally that the *lapse of time can have no effect* to qualify the right to have a void decree, void as shown by the face of the record, vacated. To the same tenor is the announcement of the court in Chamblee v. Cole, 128 Ala. 650, 30 So. 630. And, stating the principle in its breadth, discussing the void decree, Freeman on Judgments, in section 117, says: 'For if it be null, no action upon the part of the plaintiff, no inaction upon the part of the defendant, * * * can invest it with any of the elements of power or vitality.' In accord with the foregoing is 23 Cyc. p. 909, and cases cited in note 16." (Italics supplied.)

We are of the opinion that the court, a quo, committed reversible error in quashing the writ, and dismissing the petition, and for this error the judgment appealed from must be reversed.

■ It was clearly pointed out in the case of St. John et al. v. Richter et al., 167 Ala. 656, 52 So. 465, 466, that: "A return to the writ of certiorari issued should have been made or required, or an adequate reason shown why it was not made, before dismissing the petition or quashing the writ. The proper rule and practice in such cases has been thus stated: 'The return is a prerequisite to any review to be undertaken by the court out of which the writ issues; and, until it is made, the court will not render any judgment or make any order except for the purpose of enforcing obedience to the writ and compelling the making of a return.' 4 Ency. Pl. & Pr. p. 212, par. 2; People v. McCraney, 21 How. Prac. (N. Y.) 149."

It must be borne in mind that, in what we have said in discussing the alleged invalidity of the proceedings of the town council of Boaz, we were dealing only with the case as made by the averments of the petition and the admissions, legally imposed, of the motion to quash, and not the actual record which the return to the writ may disclose.

In the view we have taken of the case, it becomes unnecessary to determine whether the excuse offered for the delay in seeking relief from said judgment, as set forth in the petition, would be sufficient to relieve the petitioners of the imputation of laches. But

see the case of People v. Cooper, 22 Hun (N. Y.) 515.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.